Barnes and Another *v.* Allen and Others.

STATUTE OF DESCENTS.—Under the provisions of sections seventeen and twenty-seven of the statute of descents, the wife takes a fee simple interest in the lands of her deceased husband.

SAME—ADOPTED CHILDREN.—The adopted children of the husband are not the children of the wife, nor are they "children by a previous wife," and hence the limitations upon the estate of the wife, imposed by section 18, and the proviso in section 24, of the statute of descents, do not apply to a case where the deceased husband has left only adopted children.

SAME.—Adopted children are the heirs of the adopting father in the degree of children, and are entitled to inherit from him all the estate of which, under the law, he has a right to deprive his wife.

ADVANCEMENTS.—The subject of advancements is regulated exclusively by statute, and under section 12 of the statute of descents only a child, or the descendant of a child, can be charged with advancements. The wife is not chargeable with advancements under that statute.

QUÆRE.—Whether the rule as fixed by the statute of descents is changed by sec. 9 of the act concerning the partition of land.

APPEAL from the *Carroll* Common Pleas.

GREGORY, J.—The appellants filed their complaint in the court below against the appellees for the partition of lands.

*Margaret M. Barnes*, now intermarried with her co-plaintiff, was the widow of *Hiram Allen*. The latter died in 1859, seized of the real estate in controversy. He made a will in which he reserved "to his beloved wife, *Margaret M. Allen*, the portion to which she is entitled under the law,

dceming that sufficient for an ample support for her, and believing she required no other or further provision." The residue of his estate, with some trifling exceptions, is given to his illegitimate son, *Hiram Allen, jr.*, whom he had educated, and recognized and acknowledged as his son, and to his adopted children, *William* and *Kate*, who are also by the will recognized as his children. The widow elected to take under the statute, and not under the will.

*Hiram Allen, jr.*, being of full age, answered by attorney, and the other two defendants, *William* and *Kate Allen*, being infants, answered by guardian. The answers contain paragraphs of three kinds. One set allege that there were large incumbrances on the realty, and ask that the widow be required to contribute to the payment thereof. Another set allege that the decedent had purchased, in his lifetime, a house and lot, and procured the title thereto to be vested in his wife, and had made expensive improvements thereon, by way of advancements to her, and ask that the same be brought into *hotchpot*. The remaining paragraphs of the answer allege the adoption by the testator of the defendants *William* and *Kate Allen*, by a proceeding in the *Boone* Common Pleas Court. The latter paragraphs, when filed, contained an averment that this proceeding in the *Boone* Court of Common Pleas, by which those children were adopted, was brought about by the request and desire of the appellant, *Margaret*, which, on motion, was stricken out by the court, over the objection of the appellees.

Demurrers were filed to all the paragraphs of the answer, and were sustained to the first and second sets and overruled to the last. Replies were filed to the last set. 1st. General denial. 2d. That *William* and *Kate* were the children of *William* and *Margaret Sayre*, born in wedlock. That at the time of the pretended adoption, the father, *William Sayre*, was alive and his residence known, and he did not consent to the adoption. Demurrers were sustained to all the replies except the denial.

These last named paragraphs of the answer set out the order of the court, by which said adoption was made, as follows:

"In the *Boone* County Common Pleas:

"Comes now the said petitioner, by *Boone & Shannon,* his attorneys, and files his petition, verified by the affidavit of the said petitioner, specifying the name of said petitioner, the names of the said children, viz, *William Allen Sayre,* aged six years, and *Kate Sayre,* about four years, and alleging that they have no property in possession or expectancy; that he believes the father of said children is dead, and that the mother of said children, *Margaret Sayre,* is living and resides at *Thorntown,* in the county of *Boone,* and that said children reside with her. And thereupon comes also said *Margaret Sayre,* in her own proper person, in open court, and gives her consent to the adoption of said children by the said petitioner, and the court having heard the testimony of witnesses, and being fully and sufficiently advised in the premises, and being satisfied that it will be for the interest of the said children, do order that the said *William Allen* and *Kate* be, and they are hereby, adopted by the court as the heirs at law of the said *Hiram Allen,* and that from and after the date hereof the said *William* and *Kate* take the name of the said *Allen,* and be entitled to and receive all the rights and interests in the estate of the said *Hiram Allen,* the said adopted father, by descent or otherwise, that said children would do if the natural heirs of the said *Hiram Allen.* And further, that from and after the date hereof, the said *Hiram Allen,* the adopted father aforesaid, shall occupy the same position toward said children that he would if he were the natural father, and be liable for their maintenance, education, and in every other way responsible, as if he were the natural father of said children, *William* and *Kate.* And it is further ordered that the said *Hiram Allen* pay the cost of this proceeding."

The court ordered partition to be made, but decreed that the part set off to the widow should be a conditional fee,

subject to the restraints on her power of alienation, and to descend, in case of her death while a married woman, in the same manner and to the same extent as if the defendants, *William Allen* and *Kate Allen*, had been the children of the marriage of the said plaintiff, *Margaret M.*, and the testator.

A motion for a new trial was overruled. The evidence is in the record.

The appellants moved the court to modify the decree so as to give to the widow a fee simple, but this motion was overruled. The action of the court below on the demurrers to the last set of paragraphs of the answers, and the replies thereto, and in overruling the latter motion, presents the main question in this case, viz, Did the widow take a fee simple in the lands of her late husband? The answer to this question depends upon the construction to be given to the statute of descents, taken in connection with the act regulating the adoption of heirs.

It is provided by section 17 of the statute of descents that, "if a husband die testate or intestate, leaving a widow, one-third of his real estate shall descend to her in fee simple, free from all demands of creditors." Section 27 of the same statute provides that "a surviving wife is entitled to one-third of all the real estate of which her husband may have been seized in fee simple, at any time during the marriage, and in the conveyance of which she may not have joined in due form of law. These provisions plainly give to the widow a fee simple in the lands of her deceased husband. There are two modifications of this rule of inheritance found in section 18, and in the proviso in section 24, of the same statute. Section 18 provides that "if a widow shall marry a second or any subsequent time, holding real estate in virtue of any previous marriage, such widow may not, during such marriage, with or without the assent of her husband, alienate such real estate, and if, during such marriage, such widow shall die, such real estate shall go to her children by the marriage in virtue of which such real

estate came to her, if any there be." The proviso in section 24 reads thus : "That if a man marry a second, or other subsequent wife, and has by her no children, but has children alive by a previous wife, the land which *at his death* descends to such wife, shall, at her death, descend to his children."

.It is provided by section 3 of the "act regulating the adoption of heirs," that "such court, when satisfied that it will be for the interest of such child, shall make an order that such child be adopted, and from and after the adoption of such child it shall take the name in which it is adopted, and be entitled to and receive all the rights, and interest in the estate of such adopted father, or mother, by descent or otherwise, that such child would do if the natural heir of such adopted father or mother." 1 G. & H., p. 301.

The adopted children of the decedent were not the children of the widow, so as to come within the provisions of section 18 of the law of descents, *supra*, nor were they children by a previous wife, so as to be embraced in the provisions of section 24, *supra*. But, under section 3 of the "act regulating the adoption of heirs," *supra*, they were the heirs of the adopting father, in the degree of children, and were entitled to inherit from him all the estate of which, under the law, he had a right to deprive his wife. We think this construction harmonizes all the provisions bearing on the subject, and results in a rule eminently just.

The widow only claimed in her complaint one-third, in fee, of the lands of which her husband died seized. The court below erred in overruling the demurrer to the paragraphs of the answer setting up the adoption of the defendants, *William* and *Kate*, and in overruling the appellant's motion to modify the decree so as to give to the widow one-third in fee of the real estate of which her husband died seized.

There are cross errors assigned.

It is claimed that the court below erred in striking out the allegation in those paragraphs of the answer which set up

the adoption of the defendants, *William* and *Kate*, that the act of adoption was "with the knowledge and consent of the plaintiff herein, and that said decedent procured said order of adoption at the special instance and request of said plaintiff, and that she subsequently ratified the same." Under the construction we give the "act regulating the adoption of heirs," the matter struck out by order of the court was immaterial, and the striking it out was no injury to the appellees.

It is claimed by the appellees that the court below erred in sustaining the demurrers to the paragraphs of the answer setting up that the husband, during coverture, had caused to be conveyed to the wife a house and lot, by way of advancement, and seeking to bring the same into *hotchpot.*

The statute law exclusively regulates the subject of advancement. It is provided by section 12 of the statute of descents, that "advancement in real or personal property shall be charged against *the child or descendants of the child* to whom the advancement is made, in the division or distribution of the estate, but if the advancement exceed the equal proportion of the child advanced, the excess shall not be refunded." 1 G. & H., p. 293. It is clear that this section embraces advancements to children and their descendants and not to the wife. But it is claimed that section 9 of the "act concerning the partition of lands" extends the rule to "heirs," and that under the statute of descents the wife is an heir of her husband. That section provides that "if upon trial of any issue, or upon default, or by confession, or consent of parties, it shall appear that partition ought to be made, the court shall award an interlocutory judgment that partition be made to the parties who may desire the same, specifying therein the share assigned to each, and taking into consideration advancements to heirs of a person dying intestate." 2 G. & H., p. 363. It is a sufficient answer, in the case in judgment, that *Allen* did not die intestate. The widow's election to take under the law cannot change

the result, for this provision relates to a total intestacy. See *Thompson et ux.* v. *The Executors of Carmichael et al.*, 3 Sanford's Ch. R. 120. But we do not decide that the rule as fixed by the statute of descents is changed by this section of the "act concerning the partition of lands." That question is not now before us.

The cross errors assigned are overruled.

Under the judgment of the court below the proper portions of the lands were assigned to the parties entitled thereto, and the only error which affects the substantial rights of the parties, in the final judgment of the court, is in limiting the estate of the appellant, *Margaret M.*, in the lands set off to her, as follows: "That the title of the said plaintiff, *Margaret M.*, in the lands set off to her, shall be a conditional fee, subject to the restraints on her power of alienation, and to descend, in case of her death while a married woman, in the same manner and to the same extent as if the defendants, *William Allen* and *Kate Allen*, had been the children of the marriage of the said plaintiff, *Margaret M.*, and the testator."

It is therefore ordered by the court, that so much of the judgment of the court below as is quoted above, and which limits the title of the plaintiff, *Margaret M.*, in the lands set off to her, be reversed with costs. Cause remanded to said court, with directions to render final judgment that the title of the plaintiff, *Margaret M.*, in the land assigned to her in severalty shall be a fee simple, and that all subsequent orders in said cause, and also the commissioners deed, be made to conform to this change.

*Huff* and *Jones*, for appellants.

*D. D. Pratt* and *D. P. Baldwin*, for appellees.