## HEDRICK *v.* KRAMER.

Costs.—*Superior Courts.*—Under the act providing for the organization of the Superior Court (Acts 1871, p. 48), the same rules of law in reference to costs prevail as in the circuit court.

From the Marion Superior Court.

*G. W. Spahr* and *H. Daily*, for appellant.

*W. W. Woollen, Jr.,* and *J. H. Ruddell,* for appellee.

Worden, J.—This was an action by the appellant against the appellee, on contract. The plaintiff below recovered a judgment against the defendant for thirty dollars; and on motion of the defendant, the latter recovered a judgment against the plaintiff for his costs in the cause. The plaintiff excepted as to the judgment for costs. On appeal to general term, the judgment rendered at special term was affirmed.

The correctness of the judgment for costs is questioned in this court.

"In actions for money demands on contract, commenced in the circuit court or court of common pleas, if the plaintiff recover less than fifty dollars, exclusive of costs, he shall

pay costs, unless the judgment has been reduced below fifty dollars by a set-off or counter-claim, pleaded and proved by the defendant, in which case the party recovering judgment shall recover costs. When the judgment is reduced below fifty dollars by proof of payments, the defendant shall recover costs." 2 G. & H. 227, sec. 397. The judgment in the cause was not reduced below fifty dollars by set-off or counter-claim; hence the defendant was entitled to costs, if the above statute controls. At the time of the passage of the above statute, the Marion Superior Court had no existence. The object of the statute was to require actions upon contract, where there was less than fifty dollars due the plaintiff, without reduction by set-off or counter-claim, to be brought before justices of the peace; or if brought in either of the courts of record, that the plaintiff should pay costs as a kind of penalty for bringing his case there and encumbering those courts with small and unimportant business, over which justices had ample jurisdiction.

The act establishing the Superior Court (Acts 1871, p. 48) gives it original concurrent jurisdiction with the circuit court and court of common pleas, in all civil causes except slander, and except causes of which the court of common pleas has exclusive original jurisdiction, and appellate jurisdiction concurrent with the circuit court and court of common pleas in all appeals from justices, etc. It has a seal and is declared to be a court of record and of general jurisdiction, whose judgments, etc., shall have the same force and effect, and be enforced in the same manner, as those of the circuit court. It has power to issue and direct process to courts of inferior jurisdiction, and to corporations and individuals, which shall be necessary in exercising the jurisdiction conferred, and for the regular execution of the law, and to make all proper judgments, sentences, decrees, orders, and injunctions, and to do such other acts as may be necessary to carry the same into effect, in conformity with the constitution and laws of the State.

The clerk of the circuit court and the sheriff of the

Hedrick *v.* Kramer.

county are made the clerk and sheriff of the superior court, and are required to perform the same duties as in the circuit and common pleas courts. An appeal is allowed from the judgments of the court rendered at general term to the Supreme Court, in all cases where an appeal is allowed to the latter court from the judgment of the circuit court. The superior court may be inferior to the circuit court in a constitutional sense, but the whole act providing for its organization very clearly evinces a legislative intent that it should have, with the exceptions above stated, the jurisdiction and perform the functions of the circuit and common pleas courts.

There is, however, no express provision in the act providing for the organization of the superior court on the subject of the recovery of costs in that court. But we take it to be clearly implied that the same principles of law, and the same mode of procedure, shall prevail in that court, unless the contrary be expressed, that obtain in the circuit or common pleas court. And this applies to costs as well as in other respects. Says Chancellor KENT: "When the words are not explicit, the intention is to be collected from the context, from the occasion and necessity of the law, from the mischief felt, and the objects and the remedy in view; and the intention is to be taken or presumed, according to what is consonant to reason and good discretion. These rules, by which the sages of the law, according to Plowden, have ever been guided in seeking for the intention of the legislature, are maxims of sound interpretation, which have been accumulated by the experience, and ratified by the approbation of ages." 1 Kent Com. 462.

The necessity of the law grew out of the crowded condition of the dockets of the circuit and common pleas courts, and the inability of the judges of those courts to transact the rapidly accumulating business thereof. The remedy provided was the organization of another court, with nearly the same jurisdiction and powers, by which a part of the business, which would otherwise be necessarily delayed in

Hedrick *v.* Kramer.

the circuit and common pleas courts, might be despatched.

The object was not to relieve justices of the peace from any supposed press of business upon their dockets, nor to assimilate the court thus provided for to courts of justices of the peace. Nor do we think it was the intention of the legislature that the superior court should, at the option of a party, be made the forum for the adjustment of demands under fifty dollars, except upon the same terms as are imposed upon a plaintiff when suing in the common pleas or circuit court. In other words, we are of opinion that the same law, in this respect, applies to the superior court, that governs in the other courts. This is inferred from the object and spirit of the law ; and, as was said by Chief Justice MAR-SHALL, in the case of *Durousseau* v. *The United States*, 6 Cranch, 307, "The spirit as well as the letter of a statute must be respected, and where the whole context of the law demonstrates a particular intent in the legislature to effect a certain object, some degree of implication may be called in to aid that intent."

The judgment below is affirmed, with costs.

DOWNEY, C. J.—I cannot assent to the foregoing opinion. The general statutory rule is, that in all civil actions the party recovering judgment shall recover costs, except in those cases in which a different provision is made by law. 2 G. & H. 225, sec. 396. The section relied upon as creating the exception in this case is section 397, set out in the opinion of the majority of the court. That section, however, by its own terms, is confined to cases "commenced in the circuit court or court of common pleas." This is not a case for the construction or interpretation of language ; for there is no language concerning the recovery of costs in the superior court to be construed or interpreted, as it is conceded that the act relating to that court contains nothing on the subject. The legislature has supplied the omission in the act creating the superior court, by the act of March 3d, 1873, but that act cannot apply to this case, which was disposed of before its enactment. Acts 1873, p. 105.