IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

.AT INDIANAPOLIS, NOVEMBER TERM, 1874, IN THE FIFTY-NINTH
YEAR OF THE STATE.

---

### BARNHIZEL ET UX. *v.* FERRELL.

:SUPREME COURT.—*Agreement of Parties as to Pleadings.*—Where an answer is
filed containing a general denial, and also other paragraphs setting up affirma-
tive matter which could be introduced under the general denial, to which
demurrers are filed and sustained, and the cause is then tried on the issues
formed by the general denial, resulting in a finding and judgment for the
plaintiff, on appeal to the Supreme Court, the parties, by an agreement in writ-
ing endorsed upon the transcript, may agree that the general denial shall be
considered as withdrawn, and the case decided upon the ruling of the court below
upon the demurrers to the paragraphs setting up affirmative matter. In such
case, the Supreme Court will decide the case as if the general denial had not
been filed in the court below.

.ADOPTED CHILD.—*Descent.*—A child adopted under the act regulating the
adoption of heirs, approved March 2d, 1855, is entitled to inherit from the
adopting parent, as his heir, in the degree of a child. By the adoption he
has the rights of a child of the adopting parent, without being his child in
fact. His identity is not changed. Under the law, a married man may adopt
a child without his wife joining in the petition, and the child may have an
adopted father without an adopted mother, with the right of inheritance from
one and not from the other. The rights of the lawful children of the adopt-
ing parent and the adopted child, as between such children, are not changed
or affected by the adoption. No right is given to them to inherit from or

through each other. They are not only not brothers and sisters, but they have no rights as such. By consenting to the adoption, the mother of the child consents that the adopting father shall occupy the position of a father to the child, and that she will occupy that of a mother, the father being alive. She does not surrender her maternal rights, or her right of inheritance. On the death of the adopting parent, the adopted child inherits from him; and on the death of the child, his mother will inherit the property so descending to him, to the exclusion of the children of the adopting parent.

From the Cass Circuit Court.

*D. D. Pratt, S. T. McConnell, M. Winfield,* and *D. Turpie,* for appellants.

*D. P. Baldwin* and *T. S. Rollins,* for appellee.

OSBORN, J.—The appellee filed her complaint against the appellants, in which it is alleged that she is the owner in fee simple of certain described real estate in the city of Logansport; that the appellants claim title to the same, adverse to her, when, in truth and fact, they have no right to the property; and that their claim creates a cloud upon her title. She asks judgment settling and confirming her title, and other relief.

The appellants are husband and wife. Henry H. Barnhizel, the husband of Henrietta, filed a disclaimer; she filed an answer of three paragraphs. The third is a general denial. Demurrers for the want of sufficient facts were sustained to the first and second, to which rulings exceptions were taken. The cause was tried by the court, who found for the plaintiff, and rendered final judgment on the finding against the defendant Henrietta, as prayed for in the complaint, and for costs against her.

The only errors assigned relate to the rulings of the court in sustaining the demurrers to the first and second paragraphs of the answer.

The parties have stipulated in writing, entered upon the transcript, that the general denial filed by the appellant Henrietta shall be considered as withdrawn, and that the case shall be decided in this court upon the ruling of the court below upon the demurrers to the first and second paragraphs

of the answer of Mrs. Barnhizel, without any regard to the issue formed by the general denial.

Under that agreement, we will consider the questions arising under the first and second paragraphs of the answer, as if the general denial had not been filed.

It will not be necessary to consider the two paragraphs of the answer separately, as the same question arises in both.

The facts are, in substance, that Theodore S. Reuber and Henrietta, the appellant, were the only children of Jacob Reuber, deceased; Theodore S. intermarried with the appellee, and had issue by her, one child, Theodore, Jr., and died; after his death Jacob Reuber, on his petition, by virtue of and under the order of the Tippecanoe Circuit Court, adopted the child, Theodore, Jr.; that the appellee, being then unmarried, appeared in open court, and there consented to the adoption, and that the order of the court might be made; afterward, Jacob Reuber died intestate, being at the time of his death the owner of the real estate in controversy, together with other real estate in the county of Cass, which descended to the appellant Henrietta and Theodore, Jr., as his only heirs. Partition was made of the real estate so descending, by the Cass Circuit Court, and the property in controversy was set off to Theodore. After which he died intestate, unmarried, and without issue.

No question is made about the regularity or validity of the order of adoption of the child. We shall regard it as valid, and that Theodore, Jr., became the adopted child of Jacob Reuber.

It is admitted that the child inherited the estate from his adopted father, and that he was seized of the land at his death. Mrs. Barnhizel claims to inherit the property as his sister, and that when the appellee consented to the adoption, she thereby relinquished and gave up all her rights as mother, and that she cannot inherit from him as such.

The rights of the parties depend upon the act regulating

Vol. XLVII.—22

the adoption of heirs, approved March 2d, 1855. 2 G. & H. 341; 1 G. & H. 301. That act provides, that any person desirous of adopting any child may file his petition therefor in the circuit court of the county where the child resides, and prescribes what the petition shall state, and what steps shall be taken. The third section is: "Such court, when satisfied that it will be for the interest of such child, shall make an order that such child be adopted, and from and after the adoption of such child, it shall take the name in which it is adopted, and be entitled to and receive all the rights and interest in the estate of such adopted father or mother, by descent or otherwise, that such child would do if the natural heir of such adopted father or mother."

Section 4 is as follows: "After the adoption of such child, such adopted father or mother shall occupy the same position toward such child that he or she would if the natural father or mother, and be liable for the maintenance, education, and every other way responsible as a natural father or mother."

By the act of adoption, the child is entitled to inherit from his adopted parent as his heir, in the degree of a child. *Barnes* v. *Allen*, 25 Ind. 222, 226. The act does not provide that he shall be the child of the adopting parent, but he shall take the name, and be entitled to take his property by descent or otherwise, the same as he would if he was his child or natural heir, and the adopting parent shall occupy the position toward the child of a father or mother, and be liable in every way as such. In *Schafer* v. *Eneu*, 54 Penn. St. 304, it is said: "The right to inherit from the adopting parent is made complete, but the identity of the child is not changed; one adopted has the rights of a child without being a child." And in *Commonwealth* v. *Nancrede*, 32 Penn. St. 389, the same court say: "Giving an adopted son a right to inherit, does not make him a son in fact. And he is so regarded in law, only to give the right to inherit."

By the act of Pennsylvania of May 4th, 1855, the child was to assume the name of the adopting parent, and have all the rights of a child and heir of such adopting parent, and be

subject to the duties of such child.    1 Brightly's Purdon's Dig. 61 (10th ed.).

The law of Pennsylvania provides, "that if such adopting parent shall have other children, the adopted shall share the inheritance only as one of them, in case of intestacy, and he, she, or they shall respectively inherit from and through each other, as if all had been the lawful children of the same parent." This gives the adopted child a capacity to inherit. *Commonwealth* v. *Nancrede, supra.* But not to take under a devise to the children of the parent by adoption. *Schafer* v. *Eneu, supra.*

By the law of Massachusetts (Gen. Stat. Mass. 547), it is provided, that "a child so adopted shall be deemed, for the purposes of inheritance by such child and all other legal consequences and incidents of the natural relation of parents and children, the child of the parents by adoption, the same as if he had been born to them in lawful wedlock; except that he shall not be capable of taking property expressly limited to the heirs of the body or bodies of the parents by adoption, nor property from the lineal or collateral kindred of such parents by right of representation." It also provides, that the parents of such child shall be deprived by the decree of adoption of all legal rights as respects the child; and the child shall be freed from all obligations of maintenance and obedience as respects his parents. If the person asking to adopt the child have a husband or wife, the prayer of the petitioner shall not be granted, unless both join in the petition. Our statute contains no such provision. In this State, the husband may adopt a child, without his wife joining in the petition. In such case, the child might inherit from the adopted father, but not from his wife. He would have an adopted father, but not an adopted mother. He would have no right as her child.

The Massachusetts statute contemplates the adoption by both husband and wife. It speaks of " the parents by adoption," whilst ours refers to "such adopted father or mother."

Barnhizel *et ux. v.* Ferrell.

By the Pennsylvania statute, the adopted and the other children of the adopting parent shall respectively inherit from and through each other, as if they all were lawful children of the same parent. No attempt is made to change their identity. It *is,* that they shall inherit "*as if*" they were children of the same parent. In other words, by that act they were to have the rights of brothers and sisters, for certain purposes, without being such in fact. Our statute contains no provision on the subject of the rights of the lawful and adopted children, as between themselves. Under it their relation is not changed by the act of adoption. No right is given to them to inherit from or through each other. They are not only not brothers and sisters, but they have no rights as such.

Our conclusion is, that the appellant Mrs. Barnhizel did not inherit from the boy Theodore, Jr., as his sister.

The appellee consented to the adoption of the child by his grandfather, and whatever changes such adoption should make in the rights and duties of the parties to be affected should be made, and nothing more. She consented that the child's grandfather should thereafter occupy the position of his father ; that the child should have the rights of a lawful child in his estate, and that she would occupy the position of a mother, the father of the child being alive. There is nothing in the statute, or in the nature of the consent, implying a consent to surrender her maternal rights. She did not thereby cease to be his mother, or give up or surrender any right of inheritance as such.

It follows, that the land in controversy descended to the appellee, as the sole heir of the decedent (sec. 4, 1 G. & H. 292), and that the court committed no error in sustaining the demurrers to the first and second paragraphs of the answer.

The judgment of the said Cass Circuit Court is affirmed, with costs.