## ISENHOUR *v.* ISENHOUR ET AL.

DESCENT.—*Adopted Child.*—*Widow.*—An unmarried man, who had been married and whose wife had died, leaving surviving her said husband and one child, the issue of said marriage, which afterwards died, leaving surviving its said father, subsequently adopted a son in due form of law, and afterwards married again, and died intestate, seized in fee of certain real estate, leaving surviving said second wife and said adopted son.

*Held,* that said real estate descended, under section 23 of the statute of descents, one-half to said adopted son and the other half to the widow; and her share was not affected by the proviso of section 24 of said statute, and at her death would not descend to said adopted son, he not being the child of her said husband "by a previous wife."

From the Miami Circuit Court.

*J. M. Wilson* and *R. P. Effinger,* for appellant.

*J. L. & J. Farrar,* for appellees.

BIDDLE, J.—Complaint for partition of lands. The pleadings need not be stated, as no question is made upon them. The case was tried by the court on the following agreed state of facts:

1. Levi Isenhour died, intestate, at Miami county, Indiana, where he resided before the commencement of this suit.

2. Many years before his death, about the year 1852, he lawfully married a woman, who bore him one child in wedlock.

3. After said marriage and birth of said child, the said wife of said Levi died, leaving surviving her the said Levi, her husband, and their said child.

4. After her death, the said child died, leaving surviving him his father, the said Levi.

5. After the death of the said wife and child of the said Levi, he, in due form of law, adopted and gave his name to the defendant, Daniel H. Isenhour, who was not his child, nor the child of his former wife.

6. After the death of his said wife and child and after the legal adoption by the said Levi of the said Daniel, the said Levi, on the 3d day of September, 1872, lawfully married

the said plaintiff, at Miami county, Indiana, who, at the time of the death of said Levi, was his lawful wife.

7. The said Levi Isenhour, at the time of his death, was the owner in fee simple of the lands and tenements in the complaint described.

The finding of the court was as follows:

"That the plaintiff is entitled to a life estate in one-third of the real estate described in the plaintiff's petition, and the defendant, Daniel H. Isenhour, is entitled to the residue of said estate in fee simple." Judgment accordingly.

Exceptions and appeal have brought the case before us. What is the share of the widow? and what of the adopted son? These are the questions for us to decide.

The rights of an adopted child, under the act regulating the adoption of heirs, 1 G. & H. 301, sec. 3, are to "take the name in which it is adopted, and be entitled to and receive all the rights and interests in the estate of such adopted" [adopting] "father or mother, by descent or otherwise, that such child would do if the natural heir of such adopted" [adopting] "father or mother."

In the present case, Daniel, having been adopted by Levi Isenhour alone, and not adopted by his previous wife, must be held as the child of Levi, without reference to what woman was his mother. If he had been adopted by both, perhaps he might have been held as a child "by a previous wife," within the proviso in section 24 of the act regulating descents, 1 G. & H. 295. The law can endow an adopted child with all the rights in property of a natural child, but it has not the power to make him the natural child of any woman but his natural mother. Daniel, not being the natural child of a previous wife of Levi, and not having been adopted by a previous wife of Levi, cannot be held to be the child of a previous wife of Levi. Under the act, it was not in the power of Levi to adopt Daniel as the child of a previous wife; he could adopt him, but could give him only the rights of a natural heir of his own, without reference to the mother who bore him.

This is in harmony with the construction of the act regulating the adoption of heirs heretofore given by this court. *Barnes* v. *Allen*, 25 Ind. 222; *Barnhizel* v. *Ferrell*, 47 Ind. 335.

In our opinion, Eliza Isenhour and Daniel H. Isenhour inherit under the 23d section of the act regulating descents; each is entitled to one-half of the real estate described in the complaint; and the share of Eliza is not subject to the proviso in section 24 of the same act.

If we are right in this view, it follows that the court below erred both in its finding and judgment.

The judgment is reversed, with costs; cause remanded for further proceedings, according to this opinion.