---

No. 9481.

## KRUG v. DAVIS.

ADOPTION OF HEIRS.—*Husband and Wife.—Statute Construed.—Descents.*— The statute, R. S. 1881, sections 823–828, authorizes a husband and wife to join in proceedings to adopt a child, and a child so adopted acquires all the rights which would belong to their joint offspring; but upon the death of the child his estate goes to those of his own blood.

SAME.—*Illegitimate Child.*—Where, under the statute, a husband and wife adopt an illegitimate child, and the wife dies intestate, owning realty, such child inherits from her the same as a natural child; and when, after the death of the wife intestate, owning realty, such adopted child dies intestate. the natural mother of such child inherits its share of the real estate acquired by the adoption.

From the Montgomery Circuit Court.

*G. W. Paul* and *J. E. Humphries,* for appellant.

*E. C. Snyder, P. S. Kennedy* and *W. T. Brush,* for appellee.

NIBLACK, J.—Action by Elizabeth Krug, formerly Elizabeth Davis, against Isaac Davis, to quiet title to, and to have partition of, real estate. The complaint was in two paragraphs, but both paragraphs contained substantially the same facts. Both paragraphs may be stated as representing that, on the 6th day of January, 1863, while the plaintiff was unmarried, she was delivered of an illegitimate female child, to whom the name of Emily Davis was given, and who became known by that name; that the plaintiff and said child resided with the defendant and his wife, Jessie Davis, from the time said child was born until the death of the said Jessie, as hereinafter

stated; that, at the February term, 1869, of the court of common pleas of Montgomery county, the defendant and his wife Jessie filed their petition in said court, verified by their affidavits, representing that they were desirous of adopting the said Emily Davis, then six years of age, as their child; that the said Emily was not the owner of any property, real or personal, and that the plaintiff, who then, with the said Emily, resided in said county of Montgomery, was willing that she, the said Emily, should be adopted by the said petitioners; that thereupon the plaintiff appeared in open court and, as the mother of the said Emily, consented that the defendant and the said Jessie might adopt her, the said Emily, whereupon the court ordered that the said Emily, known as Emily Davis, should be considered as the child by adoption of the defendant and his said wife Jessie Davis, and to have acquired the same rights by descent as she would have had if she had been the child of the said defendant and Jessie; that afterwards, in October, 1870, the said Jessie Davis died intestate in said county of Montgomery, and the owner in fee of 320 acres of land lying in said county, leaving no children, except the said Emily Davis; that afterwards, in April, 1872, the said Emily, being then about nine years of age, also died intestate, without any brother or sister, and without issue, leaving the plaintiff and defendant as her only heirs at law surviving her; that by reason of the premises the plaintiff is the owner by descent from the said Emily of two undivided third parts of the real estate of which the said Jessie Davis died seized, and the defendant is the owner of the remaining undivided third part of such real estate by descent from the said Jessie. Wherefore the plaintiff demanded that her title to two undivided third parts of said real estate be quieted, and that partition thereof be made between her and the defendant.

A demurrer was sustained to both paragraphs of the complaint, and the defendant had final judgment upon demurrer.

The only question presented is, Was the complaint sufficient upon demurrer? Proceedings for the adoption of the children

of other persons are of civil, and not of common, law origin. Hence, in all the States and places in this country in which the common law is in force, such proceedings can only be had under the authority of some express statute, unaided by any common law precedents.   Many of the States have no law authorizing proceedings of the kind indicated, and all the statutes enacted by any of the States on the subject are of comparatively recent date.   We have, in consequence, very few decided cases which have afforded us any assistance in our examination of this cause.

Our statute for the adoption of children may be summarized as follows:   That any person desirous of adopting any child may file his petition therefor in the circuit or other proper court of the county in which such child resides; that the petition shall specify:

*First.* The name of such petitioner;

*Second.* The name of such child; its age; whether it has any property, and, if so, how much;

*Third.* Whether such child has either father or mother, and, if so, where they reside; such petition to be verified by the oath or affirmation of the petitioner.

That the court shall not grant the prayer of said petition, except in certain exceptional cases, if the father or mother of such child be living, unless such father or mother shall appear in open court and consent to such adoption; that when the court shall be satisfied that it will be for the interest of the child it shall grant the prayer of the petition, and that after such child shall be thus adopted it shall take the name in which it has been adopted, and shall be entitled to take and to receive, by descent or otherwise, all the interest in the estate of such adopted father or mother which it would if it were the natural heir of such adopted father or mother; that after adoption of such child its adopted father or mother shall occupy the same position towards it that he or she would if he or she were the natural father or mother of said child, and be liable for its maintenance, education, and in every

other way responsible for it as a natural father or mother would be.   1 R. S. 1876, p. 416;  R. S. 1881, section 823.

It·is conceded in argument that, under the rules of inheritance recognized and affirmed in the case of *Barnhizel* v. *Ferrell*, 47 Ind. 335, the appellant is the only heir at law of Emily Davis, the adopted child, and that, if the child Emily was lawfully adopted by Jessie Davis, the wife of the appellee, the appellant is the owner by inheritance of two undivided third parts of the land of which partition is demanded, but it is maintained by appellee, with much earnestness and apparent confidence, that so much of the proceedings set forth in the complaint as purported to be an adoption of the child Emily by Jessie Davis were wholly unauthorized and void, and that, for that reason, the child Emily did not inherit any portion of the property of the said Jessie Davis.   In support of the position thus assumed by the appellee it is claimed that, under the statute, no two persons, not even husband and wife, can unite in proceedings to adopt a child; that the adopted father and the adopted mother are referred to in the statute disjunctively, and otherwise in such a way as to indicate a clear intention that only one person at a time can institute and carry forward proceedings for the adoption of a particular child, and that, on general principles, a wife can not be joined with her husband in such a proceeding without some express statute authorizing her to be made a co-party with him.

After a very careful consideration of all that has been submitted by counsel on both sides, we find ourselves unable to agree to the construction of the statute contended for by the appellee.   In giving a construction to a statute, we must always keep in view the palpable or presumable object the Legislature had in enacting it, and endeavor, so far as practicable, to make such an application of its provisions as will best promote the object of its enactment.

The obvious purpose of the statute before us was to authorize the incorporation of the children of other persons into

families desirous of assuming control over them, and in that way to sanction the formation of new and artificial family relations between persons not necessarily of the same blood. It evidently contemplates that persons desirous of adopting children under it shall be of suitable age to enter into parental relations, but as to such persons it applies as well to those who are married as to those who are unmarried. It would be inconsistent with the general scope and purpose of this statute to permit two or more persons representing different families to jointly or concurrently adopt the same child, but that objection, in our estimation, does not apply to joint proceedings by husband and wife for the adoption of a child. On the contrary, the better and more reasonable construction appears to us to be that a wife may unite with her husband in such a proceeding as, from the very nature of things, the interests of the entire family are necessarily involved in the object sought to be accomplished by it. There is not only no inconsistency, but a manifest propriety, in the wife thus uniting with her husband, as, by doing so, the adopted child is made to assume, in a general sense, the same position in the family which it would occupy if it were the natural child of both, born in lawful wedlock.

When necessary to give full effect to a statute, words importing the singular number only may be applied to the plural of persons and things. 2 R. S. 1876, 314, sec. 798, and R. S. 1881, sec. 1286. And we regard that rule as applicable to the statute under consideration to at least the extent of permitting husband and wife to jointly avail themselves of its provisions.

This construction is one which need never do any injustice, and may oftentimes promote the unity and joint interests of families wishing to adopt the children of other persons. It is in accordance, too, with the construction impliedly given to the same statute by the case of *Barnhizel* v. *Ferrell, supra*, as well as by the later case of *Isenhour* v. *Isenhour*, 52 Ind. 328.

The judgment is reversed, with costs, and the cause re-

manded, with instructions to overrule the demurrer to both paragraphs of the complaint.

WOODS, C. J., while concurring in the wisdom of a law which should permit a wife to join her husband in the adoption of a child, does not think that, under existing statutes, she has that power. It is conceded in the opinion that the right to adopt exists only by the statute; and, this being so, the right can not, by reason of the general words employed, be regarded as extending to any person under general legal disability. If it extends to a *feme covert*, there is no reason in the statute or in principle for denying it to an infant or insane person; and if, by force of the statute, a wife has power to join her husband in adopting, she may adopt without his concurrence or consent.

### ON PETITION FOR A REHEARING.

ELLIOTT, J.—We have carefully considered the argument of counsel upon the petition for a rehearing, but find nothing that leads us to doubt the soundness of our former opinion.

It is a cardinal rule that the spirit of a statute shall be given effect wherever it can be done without a violation of its terms. Indeed, the rule goes even further, for the unanimous voice of the courts is that the letter must yield to the evident purpose and plain intent of the framers of the law. It is clear to us that the leading and controlling purpose of the framers of the statute under examination was to place an adopted child as nearly as possible in the place of a natural one; to give it a position in the family as the child both of the husband and wife. In a matter which so nearly concerns the interests of the wife and so deeply affects the welfare of the child, it is eminently proper that the husband and wife should unite in making the child their own. Nor does it do violence to any rule of construction to give the statute this effect. It is a well recognized rule of construction that the word person may be construed to mean persons whenever such a reading will carry into effect the legislative intention.

The surest guide to a correct construction of a statute is

secured by ascertaining the purpose its makers intended it should accomplish. In one of our earlier cases it was said: " In statutory exposition, the reason, the spirit, the intention of the law is above the mere cavil about words. The chief thing to be explored is the intention. This the judiciary is to seek in the history of legislation, in the objects contemplated, the evils to be corrected, and the remedies provided." *Spencer* v. *State*, 5 Ind. 41. This principle has been many times approved and acted upon by this court. *Hedrick* v. *Kramer*, 43 Ind. 362; *Clare* v. *State*, 68 Ind. 17; *State, ex rel.,* v. *Forkner*, 70 Ind. 241; *Bell* v. *Davis*, 75 Ind. 314. The purpose which the statute we are examining was intended to accomplish was to enable parents to adopt as their own the children of others, and to secure for the adopted child the parental affection of both a father and a mother. As the adopted child of both the husband and wife, it would stand much more nearly in the place of a natural child than if it was made the child of only one of them by adoption, and this was where the Legislature meant it should stand.

The words of the statute are general; "Any person" is the term used in the introductory sentence, and this is a term of such extensive meaning as to embrace all persons; but the meaning of the statute does not depend upon this term alone, for the term is many times used, thus clearly indicating that women as well as men may adopt children. There are no exceptions in the statute, and it is not for us to create any.

Counsel imagine many cases in which, as they say, absurd results might follow from interpreting the statute as applicable to more than one person; but their whole argument upon this point rests upon an assumption which neither reason nor authority entitles them to make. They assume that our circuit courts will not do their duty, and will permit the statute to be abused, and in making this assumption they proceed in direct violation of rudimental principles of law. We are content to abide by this long settled rule, and presume that our circuit courts will do their duty, and not per-

Krug *v.* Davis.

mit the adoption of children where injustice will be done the child, or where the peace of a family will be disturbed. It needs no argument to prove that domestic harmony is more likely to be promoted in cases where husband and wife unite in adopting a child than where one alone adopts it.

Counsel misapprehend the effect of our opinion if they really suppose it to declare that any two persons other than a husband and wife may adopt the same child. No such meaning can possibly be given the opinion. The peculiar relation of husband and wife, and the place in their family and affections which the law intends the adopted child to take, we considered as matters exerting a controlling influence upon the construction to be given the statute, and as making it proper to adjudge that husband and wife might unite in adopting a child, and thus make it the child of both. We neither held nor meant to hold that persons other than husband and wife might join, nor is there anything in what we said leading to such a conclusion.

The act of adopting a child is essentially different from the execution of a contract. It is an act done under the control and by the direction of a court of superior jurisdiction, with ample powers to protect minor wives, and to make due provision for the protection of the husband and the child. The disability of the wife no more affects her right to unite with her husband in such a proceeding than it does in cases of applications to sell real estate or set aside wills, for the proceeding is a judicial one had in a court invested with ample powers.

The confusion and evil results which counsel say will follow from our decision are purely imaginary. The very reverse of what they affirm is true. The effect of our decision is to place a child adopted by a husband and wife jointly in substantially the same position as that of a natural child, and when the child takes this place there are long settled rules which will determine and control the rights of all the interested parties, and there is then neither confusion nor uncertainty.

Petition overruled.