# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1883, IN THE SIXTY-EIGHTH YEAR OF THE STATE.

————————◆————————

No. 11,152.

## DAVIS *v.* KRUG.

| 95 | 1 |
|---|---|
| 132 | 300 |
| 95 | 1 |
| 146 | 313 |
| 95 | 1 |
| 149 | 440 |
| 149 | 442 |
| 95 | 1 |
| 158 | 391 |
| 95 | 1 |
| 170 | 259 |

DESCENTS.—*Inheritance from Adopted Child.—Rule of Inheritance.*—Where an adopted child dies intestate, unmarried and without lawful issue, or their descendants, surviving him or her, seized of real estate or owning personal property, which may have come to such child by gift, devise or descent from the adopting parent or parents, father or mother, such real estate or personal property shall descend to the adopting father or mother, if living, or, if dead, to the heirs at law of such adopting father or mother, to the entire exclusion of the natural heirs of such adopted child from any share or interest therein. *Barnhizel* v. *Ferrell,* 47 Ind. 335, so far as it is in conflict with this case, is overruled.

LAW OF THE CASE.—*Former Appeal.—Point in Judgment.—Supreme Court.*—Where there is a second appeal, the points in judgment, the questions which were before the court and *decided,* on the former appeal, will not be re-heard or re-examined by the Supreme Court on such second appeal, but will be adhered to as "the law of the case." But this rule will not preclude the Supreme Court from considering and deciding, on the second appeal, any questions which might have been, but were not, considered and decided as the case was presented on the former appeal.

PLEADING.—*Supplemental Complaint.*—Under section 399, R. S. 1881, a supplemental complaint is neither an amended complaint nor a substitute for the original complaint; but it is a further complaint, which, assum-

ing that the original complaint is to remain in the record, alleges new facts which have occurred after the filing of such original complaint.·

From the Montgomery Circuit Court.

*E. C. Snyder* and *P. S. Kennedy*, for appellant.

*G. W. Paul* and *J. E. Humphries*, for appellee.

Howk, C. J.—This case is now before this court for the second time. When it was first here, the opinion and judgment of the court are reported under the title of *Krug* v. *Davis*, 87 Ind. 590.

The suit is by the appellee, Elizabeth Krug, as plaintiff, against the appellant, Isaac Davis, as defendant. The appellee's complaint originally contained two paragraphs, to each of which the appellant's demurrer, for the want of sufficient facts, was sustained by the court. The appellee declined to amend or plead further, and the court adjudged that she take nothing by her suit, and that the appellant recover of her his costs. On her appeal from this judgment, the only errors here assigned were the decisions below sustaining the demurrers to each paragraph of her complaint; upon consideration whereof this court reversed the judgment below and remanded the cause, with instructions to the circuit court to overrule the demurrers to each paragraph of complaint.

After the cause was returned into the circuit court, and the appellant's demurrers to each paragraph of complaint had been there overruled, in accordance with the mandate of this court, the appellee, with the leave of the court below first had, filed what is called a supplemental paragraph of complaint, making John E. Humphries a party defendant herein. The defendant Humphries appeared and answered, admitting the truth of all the facts stated in each paragraph and the supplemental paragraph of the complaint.·

The appellant, Davis, answered the complaint and supplemental paragraph, in six paragraphs, of which the first was a general denial, and each of the other paragraphs stated special matter of defence. Appellee's demurrers were sus-

tained to the second, third, fourth and fifth paragraphs of appellant's answer; and to the sixth paragraph of such answer the appellee replied by a general denial. A change of judge having been moved for and granted, William W. Thornton, Esq., a competent and reputable attorney of the court, was duly appointed and qualified as special judge to try this cause. The issues joined were submitted to the court for trial; and, at the request of all the parties, the court made a special finding of the facts, and stated its conclusions of law thereon. Over the appellant's motion for a new trial, the court rendered an interlocutory judgment of partition, in accordance with its conclusions of law, awarding to the appellant, the appellee and the defendant Humphries each an equal one-third part in value of the real estate in controversy, and appointing commissioners to make such partition. Afterwards, the commissioners made and acknowledged, in open court, their written report of such partition, which was confirmed by the final judgment of the court, and from this judgment the appellant, Davis, alone prosecutes this appeal and has here assigned a number of errors.

This action was originally commenced on the fourth day of April, 1881, and, as we have said, the appellee's complaint then contained two paragraphs. On the former appeal, it is stated in the opinion of the court, that " both paragraphs contained substantially the same facts;" and a statement of those facts is given in the opinion. It is then said: "The only question presented is, was the complaint sufficient upon demurrer?" In other words, the question then was, were the facts stated in the complaint, and conceded to be true by the demurrer, sufficient in law to make a *prima facie* case in favor of the plaintiff? Upon certain concessions then made in argument by the learned counsel of the defendant, Davis, but now withdrawn, this court then held that the complaint was " sufficient upon demurrer," as to the only question then presented, considered or decided, namely, the authority and right of husband and wife, under the statute of this State, to join

in the adoption of a child.    That is the precise point in judg-
ment in our former decision of this case.    *Krug* v. *Davis,*
*supra.*

Each of the paragraphs of the original complaint appears
in the transcript now before us, we may well suppose, pre-
cisely as they each appeared in the record of the cause, on
the former appeal, *except* as each of them may be affected
by what the appellee calls her supplemental paragraph of
complaint.    The name of John E. Humphries does not ap-
pear in either of the original paragraphs. of complaint, al-
though the appellee had leave to make him a defendant
therein, and although, in his answer, he admitted the truth
of the facts stated therein.    But, after the cause was remanded.
by this court, as we have seen, the appellee, with leave of the
trial court, filed what she termed a supplemental paragraph of
complaint, " by way of supplement to each paragraph of com-
plaint herein."    Manifestly, the appellee was seeking to avoid,
if possible, by filing this so-called supplemental paragraph,
the appearance even of amending the original complaint,
which this court had held to be " sufficient upon· demurrer."

In section 399, R. S. 1881, which is a literal re-enactment
of section 102, of the civil code of 1852, it is provided as
follows :  " The court may, on motion, allow supplemental
pleadings, showing facts which occurred after the former
pleadings were filed."

In *Musselman* v. *Manly*, 42 Ind. 462, after quoting the pro-
visions of section 102 of the civil code of 1852, it is said :
"A supplemental complaint is not, like an amended complaint,
a substitute for the original complaint, by which the former
complaint is superseded ; but it is a further complaint and
assumes that the original complaint is to stand.    A supple-
mental complaint must consist of facts which had arisen
since the filing of the original complaint.    It may be filed
after answer ; but whether filed before or after answer, it
must be filed on motion and by leave of the court, and must
show upon its face that it is supplemental and relates to mat-

Davis *v.* Krug.

ters which had occurred subsequent to the commencement of the action. Matters which occurred prior to the filing of the original complaint, and not stated therein, should be brought into the suit by amendment. Matters which occurred since the filing of the complaint should be brought in by supplemental complaint." So, in *Patten* v. *Stewart*, 24 Ind. 332, it was held that the office of a supplemental complaint is to bring upon the record such new facts as have occurred since the filing of the original complaint, in order that the court may grant the proper relief upon the facts existing at the time of the final decree.

In the case at bar, the so-called supplemental paragraph of complaint covers nearly four pages of the record; and, while it states many facts, there is only one fact alleged therein whereof it can be said that it occurred subsequently to the commencement of the action. The transcript shows that on April 4th, 1881, the appellee filed her original complaint, in only one paragraph; that, on April 25th, 1881, she filed the second paragraph of her original complaint, and, on the same day, the appellant was ruled to answer; that afterwards, on April 26th, 1881, the appellant filed a demurrer to each paragraph of the original complaint; and that, on May 7th, 1881, appellant's demurrer to each paragraph of the original complaint was sustained by the court, and judgment was rendered accordingly.

In the so-called supplemental paragraph of appellee's complaint, the only fact stated, which could possibly be claimed to have occurred after the commencement of this suit, was that the appellee, Krug, on April 26th, 1881, sold and conveyed the undivided one-third part of the real estate in controversy to John E. Humphries, who still owned the same. It will thus be seen that the only fact stated in the supplemental paragraph, which occurred after the commencement of this suit, namely, the execution of appellee's deed to John E. Humphries, occurred twenty-two days after the filing of the original complaint in one paragraph, one day after the filing

of the second paragraph of such complaint, and on the same day on which the appellant appeared and filed his demurrer to each of such paragraphs of appellee's complaint.

As between the appellee, Krug, and John E. Humphries, the pleading subsequently filed by her may properly be denominated, perhaps, as a supplemental paragraph of complaint. But as between the appellee and the appellant, Isaac Davis, it is certainly a misnomer to denominate such subsequent pleading, on her part, a supplemental paragraph of complaint. As between them, such subsequent paragraph states no new facts which have occurred since the filing of the original paragraphs of complaint; and although it is called a "supplement to each paragraph of complaint herein," it is in fact, as between the appellee and the appellant, an amendment of each paragraph of the original complaint. Or, speaking more accurately, it is "an amended pleading of the same matter," embraced in the first and second paragraphs of complaint first filed, and therefore it only should have been certified to this court, under section 650, R. S. 1881, as a part of the record of this cause.

The facts stated in this so-called supplemental paragraph of complaint, except as to the defendant Humphries, do not differ materially from those alleged in the original complaint. It was shown thereby, in substance, that on and before the 18th day of February, 1869, the appellant, Isaac Davis, and Jessie Davis were husband and wife, and so continued to be until the death of the wife, Jessie Davis; that, on and before the day last named, the appellee was the mother of an illegitimate child, called Emily Davis, and having no other name, aged about six years, and she and the appellee lived with Isaac and Jessie Davis, from the birth of the child until Jessie's death; that, on such last named day, upon the joint petition of Isaac and Jessie Davis, and with the consent in open court of the appellee, the court of common pleas of Montgomery county made an order "That said Emily Davis be considered the child by adoption of Isaac Davis and Jessie

Davis, and acquire the same rights by descent, as she would if the child of said petitioners;" that afterwards, on the — day of October, 1870, Jessie Davis, the appellant's wife, and the mother by adoption of Emily Davis, departed this life, intestate, in Montgomery county, the sole owner in fee simple of the east half of section number seven, in township eighteen north, range five west, containing three hundred and twenty acres, in Montgomery county, and leaving as her only heirs at law the appellant, Isaac Davis, her husband, and the child, Emily Davis, her daughter by adoption; that Jessie Davis left surviving her no other child or children, except her daughter by adoption, Emily Davis; and that afterwards, on the — day of April, 1872, the child, Emily Davis, then aged about nine years, died intestate, unmarried and without issue, and without brother or sister, and leaving her natural mother, the appellee, as alleged, as her only heir at law. Upon the foregoing facts, the appellee averred that, upon the death of Jessie Davis as aforesaid, the undivided two-thirds part of the above described real estate descended to her adopted child, Emily Davis, and the remaining one-third part thereof was inherited by her surviving husband, the appellant, Isaac Davis; and that, upon the death of the child, Emily Davis, as aforesaid, the whole of her interest in the real estate was inherited by her natural mother, the appellee, to the entire exclusion of her adopted father, Isaac Davis, from any share or lot therein.

The appellee alleged that, having sold and conveyed one-half of her interest in the land to John E. Humphries, she and Humphries, and the appellant, were each the owner in fee simple of an equal undivided one-third part in value of the above described real estate, as tenants in common; and she demanded judgment for partition accordingly, and for all other proper relief.

Much has been said by the learned counsel of the respective parties, in their oral and printed arguments of this cause, with respect to what is called "the law of the case." On be-

half of the appellee, it is contended with much zeal and earnestness, that not only the point in judgment, on the former appeal, remains the law of the case through all of its subsequent stages, but also that we are now precluded from considering and determining any question, which might have been but was not considered and decided, as the case was presented on such former appeal. The point in judgment, on the former appeal of this cause, as we have already said, is that, under the statute of this State regulating the adoption of heirs, husband and wife are authorized to join in the adoption of a child. This was the only question then presented, considered and decided, and it was held that the statute, should be so construed as to permit "husband and wife to jointly avail themselves of its provisions." Upon this point, in the original or principal opinion, it is said: "This construction is one which need never do any injustice, and may oftentimes promote the unity and joint interests of families wishing to adopt the children of other persons." And, in the opinion overruling the petition for a rehearing, it is further said: "The purpose which the statute we are examining was intended to accomplish, was to enable parents to adopt as their own the children of others, and to secure for the adopted child the parental affection of both a father and a mother. As the adopted child of both the husband and wife, it would stand much more nearly in the place of a natural child, than if it were made the child of only one of them by adoption, and this is where the Legislature meant it should stand."

An examination of the opinions of the court, on the former appeal in this case, will clearly show that the only ground upon which the appellant, then appellee, asked for the affirmance of the judgment then appealed from, was, that the adoption of the child, Emily, by the appellant and his wife, was "wholly unauthorized and void," as to the appellant's wife. As to all other grounds, upon some of which, perhaps, the judgment might then have been affirmed, the learned counsel of

the appellant, then appellee, expressly waived their consideration by this court, by their concession then made, but now withdrawn, that the validity of the judgment then appealed from rested entirely upon the theory that, under the statute of this State, the adoption of a child by husband and wife was wholly unauthorized and void as to the wife. When, therefore, on the former appeal, we reached the conclusion that the statute of this State, when fairly construed, authorized husband and wife to join in the adoption of a child, there remained no other question to be decided, as the case was then presented, and, certainly, no other question was then decided. The conclusion then reached is the point in judgment, on the former appeal, and is and will remain the law of the case until it is finally determined. *Rinard* v. *West*, 92 Ind. 359.

In Buskirk's Practice, p. 371, in speaking of " the law of the case," it is said : " None of the questions which were before the court and *decided* on the first appeal can be re-heard or re-examined upon the second appeal." *Dodge* v. *Gaylord*, 53 Ind. 365 ; *Kress* v. *State, ex rel.*, 65 Ind. 106 ; *Test* v. *Larsh*, 76 Ind. 452 ; *Board, etc.*, v. *Indianapolis, etc., R. W. Co.*, 89 Ind. 101. The rule of " the law of the case," thus limited to the point or points considered and decided on the first appeal, meets our full approval. But we can not agree to the claim of appellee's counsel, that " the law of the case " precludes us from considering and deciding now, on the second appeal of this cause, any questions which might have been, but were not, considered and decided as the case was presented on the first appeal. Such claim seems to us unreasonable, although we are aware that it is supported by many respectable authorities, and even by the language used in some of the reported opinions of this court.

The appellant's counsel, *arguendo*, say that they " do not ask the court to review its ruling on the first appeal ;" and, certainly, we do not propose to review such ruling, because we think that the point then decided is manifestly right, and

in perfect unison with the legislative intent, in the enactment of our statute for the adoption of heirs. But we do propose to decide a question or questions, which might and ought to, perhaps, and doubtless would, have been decided on the first appeal of this cause, had their consideration and decision not been waived by the concessions, in argument, of the counsel of appellant, then appellee.

We may premise by saying that it seems to us, no one can study the opinions of this court, and the reasons and arguments advanced therein in support of the only point decided on the first appeal, without arriving at the conclusion that they are utterly inconsistent and at war with the doctrine or law of *Barnhizel* v. *Ferrell*, 47 Ind. 335. If we are right in our interpretation of the legislative intention, in the enactment of our law for the adoption of heirs, then it must be that the adopting father or mother, or his or her heirs, will inherit from the adopted child all such property, real and personal, as came to such child by gift, devise or descent, from the adopting parent or parents, whenever he, she or they would have inherited such property, if the adopted child had been the natural child of the adopting father or mother. In such case and as to such property, we are of opinion that the adopting father or mother, or his or her heirs, will inherit from the adopted child, to the entire exclusion of the natural heirs of such child. This accords fully and is in perfect harmony with what we said in the opinions delivered on the former appeal of this cause, as follows: " The effect of our decision is to place a child, adopted by husband and wife jointly, in substantially the same position as that of a natural child, and when the child takes this place there are long settled rules which will determine and control the rights of all the interested parties, and there is neither confusion nor uncertainty." Our conclusion is, also, in entire harmony with the amendatory act of March 2d, 1883, which, enacted as it was so soon after our opinions were announced on the first appeal, we re-

gard as in the nature of a declaration of the General Assembly of what the law ought to be in such a case as the one at bar. In that act it was declared as follows: "That should such adopted child die intestate, without leaving wife or husband, issue or their descendants, surviving him or her, seized of any real estate or owning any personal property which may have come to such child by gift, devise or descent from such adopting father or mother, such property so coming to such adopted child shall, on its death, descend to the heirs of said adopting father or mother the same as if such child had never been adopted." Acts 1883, p. 61.

Under the law as declared in the opinions on the former appeal of this cause, and as we now state it clearly and explicitly, and upon the facts stated in each paragraph of appellee's original complaint, and in her so-called supplemental complaint, we are of opinion that the real estate in controversy, on the death of the adopted child, Emily, descended to its adopting father, the appellant, to the entire exclusion of its natural mother, the appellee, from any share or interest therein. It follows, therefore, that appellant's demurrers to each paragraph of the complaint, and to the so-called supplemental paragraph of complaint, ought to have been sustained by the court.

As this conclusion probably disposes of appellee's case, and leads to the reversal of the judgment below, we need not consider any of the other errors complained of.

In so far as our decision in this case is in conflict with *Barnhizel* v. *Ferrell, supra,* the latter case is overruled.

The judgment is reversed with costs, and the cause remanded with instructions to sustain the demurrers to each paragraph of complaint, original and supplemental, and for further proceedings not inconsistent with this opinion.

Filed March 12, 1884; petition for a rehearing overruled April 26, 1884.