No. 15,516.

WHEATLEY v. ROMACK, SURVEYOR.

DRAINAGE.—*Repair of Drains.—Allotments to Land-Owners.—Statute Construed.*—Under section 2 of the act entitled " An act prohibiting the obstruction of ditches or drains, providing a method of keeping them in repair," etc. (Acts 1889, p. 53), it is the duty of the county surveyor to allot to each tract of land benefited by a ditch constructed before its passage the portion of the ditch which in his judgment the owner of such land should keep in repair, except in cases where an allotment has been made by reviewers. Allotments made by the viewers may be ignored by the surveyor, such allotments not having been excepted from the operation of the act.

From the Tipton Circuit Court.

*T. H. Palmer* and *W. F. Palmer*, for appellant.

*W. R. Oglebay, G. H. Gifford* and *J. M. Fippen*, for appellee.

COFFEY, J.—Section 2 of an Act entitled " An act prohibiting the obstruction of ditches or drains, providing a method of keeping them in repair, and providing a penalty for the violation thereof," Acts of 1889, p. 53, is as follows : " As soon as practicable after the passage of this act it shall be the duty of the county surveyor in each county in this State, in which any such ditch or drain or part thereof is located, to proceed to view and examine each and every such ditch or drain within his respective county, and to fix and determine the portion thereof that the owner of each tract of land and each corporation, county or township assessed for the construction thereof should annually clean out and keep in repair, and shall also at the same time set apart and apportion to each parcel of land, and to each corporate road or railroad, and to the township where public highways are benefited, a share or portion of such ditch or drain, according to the benefits to be received thereby, to be cleaned out annually and kept in repair by the owner of each tract of land, or by such corporate road or railroad, or by the town-

ship. Such surveyor shall, whenever practicable, locate such
share or portion of such ditch upon such tract of land, or
upon the right of way of such corporate road or railroad, or
on the highway on account of which such share is allotted
to the township. In making such allotments such surveyor
shall begin at the mouth of the ditch and give the location
of each share, its number and length in feet, and a brief de-
scription of the manner in which the work shall be done.
Each ditch or drain shall be cleaned out to a depth and
width not less than its original specification: *Provided,*
That where ditches were originally allotted for construction
by reviewers appointed by the board of county commission-
ers, the allotments shall remain the same for repairs under
this act, unless a majority of the parties assessed shall peti-
tion the surveyor for a reapportionment under the provisions
of this act, in which event the same proceedings shall be had
as in other cases." Section 3 of this act provides that the
surveyor shall reduce the allotments to writing, and that he
shall record the same in a book kept for that purpose. He
is required to give ten days' notice of the time and place when
and where he will hear all objections that may be made to
such allotments.

Section 4 provides that after hearing all objections that
may be offered to such allotments, such surveyor shall con-
firm or change the same as justice may require, and shall en-
ter an order accordingly, which shall be final and conclusive
upon all parties interested, unless appealed from in ten days
thereafter.

Acting under the provisions of this statute, the appellee,
as the surveyor of Tipton county, allotted to the lands of
the appellant certain portions of a ditch running through
the same, to be kept in repair by the appellant. At the time
fixed by the appellee to hear objections to allotments the
appellant appeared and filed the following objections to the
allotment assigned to his land, viz.:

"To James L. Romack, surveyor of Tipton county. I

make the following objections to your allotment of a part of Dixon Creek Ditch No. 19 to me to repair and to keep in repair:

" 1. Dixon Creek Ditch No. 19 was constructed under the provisions of the act of the Legislature, approved March 9th, 1875, and was originally allotted for construction by viewers appointed by the board of commissioners of Tipton county, Indiana ; that the allotment now made by you to my land is not the same as that originally made by said viewers ; that the allotment now made is much greater in length than said original allotment, and a majority of the parties assessed have not petitioned you for a re-appraisement.

" 2. You have alloted to my lands a portion of said ditch greater than a just apportionment thereof.

" 3. The part of said ditch which you have added to my allotment was not completed according to the specifications originally made for said ditch.

" 4. The original allotment to my lands on said ditch was 1693 feet, commencing 78 feet above stake No. 139, and extending down said ditch to a point 15 feet below stake No. 155. Your allotment to the same lands is 3139 feet."

The surveyor overruling these objections, the appellant appealed to the circuit court, where a demurrer was sustained to the objections numbers one, three and four, and overruled to the second. Upon a withdrawal of the second objection the appellee had judgment for costs.

The question involved in the case, and requiring a decision, relates to the construction of the second section of the statute above set out. It is contended by the appellant that all ditches constructed under the act of 1875, and under the statutes of 1881, section 4285, must remain for repairs as originally allotted, unless a majority of the land-owners to whom allotments were made shall petition the surveyor for a re-allotment.

It is claimed that the proviso in said section should be read as containing both the words " viewers and reviewers."

We recognize the rule that in construing a statute it is proper to look to other statutes, to the rules of the common law, to the source from which the statute was derived, to the general principles of equity, to the object of the statute, and to the condition of affairs existing when the statute was adopted. *Humphries* v. *Davis*, 100 Ind. 274 ; *Middleton* v. *Greeson*, 106 Ind. 18 ; *Miller* v. *State, ex rel.*, 106 Ind. 415 ; *Stout* v. *Board, etc.*, 107 Ind. 343.

There are three points to be considered in the construction of all remedial statutes—the old law, the mischief and the remedy. *State, ex rel.*, v. *Denny*, 67 Ind. 148. In all cases the object sought is to ascertain the intention of the Legislature. *Krug* v. *Davis*, 87 Ind. 590.

In the construction of statutes the intention of the Legislature must govern, and in ascertaining that the courts will look to the letter of the statute, to the statute as a whole, to the circumstances under which it was enacted, to the old law, if any existed, to the mischief intended to be remedied, and all like matters, and will make such application of the provisions of the statute as will best promote the object of its enactment. *Hunt* v. *Lake Shore, etc., R. W. Co.*, 112 Ind. 69.

Upon an examination of the statute of 1875, as well as the statute of 1881, providing for the establishment of ditches and drains under proceedings instituted before the board of commissioners of the several counties of the State, it will be found that such statutes provide for the appointment of reviewers in such proceedings in certain cases. Such reviewers are appointed after the viewers have performed their work and made their report, upon a remonstrance filed by some interested party. The reviewers have the same power as the viewers, to apportion or allot to the land benefited by the construction of the ditch the amount it should pay for such construction.

The section of the statute now before us for construction requires the county surveyor to apportion or allot to each

tract of land benefited by a ditch constructed before its passage the portion of the ditch which in his judgment the owner of the land should keep in repair, except in cases where an allotment has been made by "reviewers." An allotment made by viewers is not an allotment made by reviewers. What reason prompted the Legislature to except from the act allotments made by reviewers, and to include allotments made by viewers, we need not inquire. That it has done so there seems to be no doubt. Without adding an exception, which the Legislature did not choose to make, we can not say that the surveyor may not ignore an allotment made by viewers. To add this exception would, in our opinion, be judicial legislation. In our opinion it is the duty of the surveyors of the several counties in this State, where public ditches exist, to allot to each tract of land benefited by such ditch the quantity the owner of such land should keep in repair, except in cases where an allotment has been made by reviewers.

Judgment affirmed.

Filed June 21, 1890.