18 | 59
93 | 312

## LAIN VS. SHEPARDSON.

Chapter 66, Laws of 1854, prescribes the form of tax deeds as well where the sales were made before, as where they were made after it took effect; and it is competent for the legislature to prescribe the *form* of tax deeds to be given on previous sales, where it does not attempt to provide that such deeds shall have a less effect than that given to tax deeds by the law in force at the time of the sale, or to attach to the contract of sale some new condition. *Robinson v. Howe*, 13 Wis., 341, explained.

Where a tax deed void on its face is recorded, and the premises therein described remain vacant and unoccupied for more than three years thereafter, the title of the former claimant does not thereby become barred by the three years statute of limitations. Whether it would be so held where the tax title claimant has gone into actual possession under such deed and remained in possession for more than three years, is not determined.

APPEAL from the Circuit Court for *Racine* County.

Action for the recovery of real estate. The plaintiff claimed under a tax deed executed April 16, 1855, to one Cone upon a tax sale made April 13, 1852, and a conveyance from Cone to himself. A copy of the tax deed was made a part of the complaint, and it was averred that said deed was recorded April 16, 1855. The deed was in the form prescribed by chapter 66, Laws of 1854, except that the words "as the fact is" in the recital relative to the sale of the land for taxes, and also in that relative to the non-redemption thereof, were omitted; but it was substantially in the form prescribed by chapter 503, Laws of 1852. The complaint alleged "that for the space of three years and more from the date of the deed and the recording thereof, the said premises were vacant and unoc-

cupied, and so remained for the space of more than six years; and that the title of the plaintiff was not attacked during that time by an actual hostile occupancy." It also contained the other allegations usual in such cases. A demurrer to the complaint as not stating a cause of action, was sustained, and the plaintiff appealed.

*Levi Hubbell*, for appellant:

1. The averment of the execution and recording of the tax deed to Cone, that the premises remained wholly vacant and unoccupied for more than three years thereafter, and that Cone afterwards, by deed, conveyed the same to the plaintiff, are equivalent to an averment that at the time of the commencement of the action, the plaintiff was seized in fee of the premises, as of an indefeasible estate of inheritance. R. S. 1849, ch. 15, sec. 123; *Knox v. Cleveland*, 13 Wis., 245, 251; *Hill v. Kricke*, 11 id., 446; *Sprecker v. Wakeley*, id., 436. 2. The answer to the objection that the tax deed does not comply with the form prescribed by chap. 66, Laws of 1854, is, (1.) The tax deed is good and sufficient under the law in existence when the tax sale took place. R. S. 1849, ch. 15, Sec. 109; *Robinson v. Howe*, 13 Wis., 346-7. The plaintiff, as grantee of Cone, stands in his place. "He contracted at the sale, for a deed of the kind which the law then authorized him to contract for." *Robinson v. Howe, supra*. (2.) But the plaintiff stands upon the statute of limitation. He need not show a deed technically good in every particular. It was enough for him to show a colorable title; such a deed as an ordinary person might claim under in good faith. *Wright v. Matteson*, 18 How. (U. S.), 50; *Edgerton v. Bird*, 6 Wis., 523-7 and cases there cited. The deed of the county of Waukesha to Cone was not only good and sufficient to show a *color* of *title*, which ripened into an absolute title at the end of three years after it was recorded; but it was in fact "a deed of the kind which the law authorized him to contract for," and which he did con

tract for "at the sale;" and the act of 1854 was inoperative as to him.

*Peter Yates*, for respondent.

*By the Court*, COLE, J.    It is perfectly obvious that the ruling in *Lain v. Cook*, 15 Wis., 446, is decisive of this appeal, unless the fact that the sale was made before the law of 1854 took effect, renders the decision in that case inapplicable.    But we are unable to perceive how that circumstance can be material or distinguish the case in principle from the point there decided.    The deed annexed to the complaint does not conform to the law of 1854.    And it is very clear that that law was intended to apply to and prescribe the form of a tax deed as well in cases where the sales had been made before the passage of that act as where they should be thereafter made.    The language of the law is, in substance and effect, that all deeds of lands sold for non-payment of taxes, which should *thereafter be executed*, should be in the form there given or other equivalent form ; while the 8th section declared that no deed should be executed under its provisions previous to the 10th of April, 1854.    This shows that the legislature intended it should apply to cases where sales had been previously made.    The question then recurs, Was it competent for the legislature to prescribe the form of a deed to be given on a previous sale ?    And this question, as it appears to us, must be answered in the affirmative.    Such legislation affects no substantial right ; unless, indeed, it is claimed that the purchaser at the tax sale contracts for some particular form of conveyance—a proposition which we think cannot be maintained.    If the legislature does not attempt to lessen or impair the effect of the deed as evidence of matters contained in it, or graft upon the contract some new conditions, it certainly may regulate the mere form or verbiage of the conveyance.    It is claimed that if the deed conforms to the law in existence when the tax sale is made, this is all that can be required ; and that the legislature can-

not say it shall conform to some subsequent law. The purchaser, it is said, contracts at the sale for a conveyance of the kind then authorized, and this condition is an essential element of his contract. Some remarks made by the justice who drew the opinion in *Robinson v. Howe*, 13 Wis., 341, are relied on in support of this view of the matter. It is apparent that the language used in *Robinson v. Howe* had reference to the facts of that case, and to the point in judgment. The question there involved was as to the power of the legislature, by a subsequent act, to extend the privilege of redemption for a longer period than that allowed by law when the sale took place. And it was held that it could not, for the reason that such legislation would impair the obligation of contracts, within the constitutional prohibition. While considering. this point Justice PAINE used the language quoted on the brief of the counsel for the appellant, that the rights of the purchaser were derived from the contract which the law authorized to be made, and that he contracted for a deed of the kind required, or having the effect given to it when the sale was made; consequently that the legislature could not, by a subsequent law, say that such deed should not have that effect, but some other, and instead of being absolute at the end of three years should be liable to be defeated by redemption after that period had elapsed. But that is evidently quite a different question from the one we are considering. The question here is: Cannot the legislature prescribe the *form* of a tax deed which should thereafter be executed, and make the law apply to a deed given on a sale which took place before the passage of the act, as well as one given on a subsequent sale? We are clearly of the opinion that the legislature may do this, without impairing the obligation of any contract or affecting any substantial right. The purchaser, when he obtains his tax deed, must see to it that it is made and executed according to law. And where the law gives him the precise form, it is no hardship for him to see that his deed conforms to it.

Again, it was further claimed that this deed, though clearly invalid under the law of 1854, yet was such a colorable or paper title as would support the three years limitation. How this might be had those claiming under the deed gone into actual possession of the premises, we shall not attempt to decide. But it is alleged in the complaint that for the space of three years and more from the date and recording of the deed, the premises in controversy were vacant and unoccupied, and so remained vacant and unoccupied for six years. To apply the three years bar in such a case, and that too where the deed was void upon its face, we think would be unwarranted in law.

It follows from these views that the order of the circuit court, sustaining the demurrer to the complaint, must be affirmed.