## EATON VS. NORTH.

*Tax deed, how to be sealed—Prima facie evidence that land was subject to taxation—*
*How such evidence rebutted by subsequent patent.*

1. Where the statute is silent respecting the manner of sealing a deed, the private seal of the person executing it is to be used.

2. Under sec. 109, ch. 15, R. S. 1849, which provides that the clerk of the county board of supervisors shall execute tax deeds in the name of the county as such clerk, " under his hand and seal," the deed, to be valid, must have the private seal of the clerk and not the official seal of the county.

3. A tax deed is *prima facie* evidence that the land was subject to the tax therein referred to; but this evidence is rebutted by the production of a patent for the land from the United States, executed *after* the assessment of such tax, to the party claiming adversely to the tax deed, or to his grantor. It then devolves upon the tax title claimant to show that the patentee in fact acquired a taxable interest in the land before the date of the patent.

4. A patent for land in the Brothertown Reservation, issued in 1843, recited that from the report of the commissioners made pursuant to a certain act of Congress, it appeared that the land had been assigned to the patentee; but the date of such report, and the time of its transmission to the President did not appear. Said act of Congress required the report to be so transmitted on or before the 1st of January, 1840 ; but did not declare that the report or the assignment of the land should be void if not made by that time. *Held*, that the provision as to time was merely directory ; and that it will not be presumed, in favor of a party claiming the land under a sale for the taxes of 1841, that the assignment and report were made at such a time as to subject said land to taxation for that year.

APPEAL from the Circuit Court for *Calumet* County.

The action below was ejectment by *Eaton*, for a half lot in the town of Brothertown, in said county. The plaintiff claimed under (1.) A tax deed executed May 20, 1852, to one Eastman, upon a tax sale made in 1841 ; and a deed from Eastman to the plaintiff. (2) A tax deed to H. Modlin, dated December 13, 1851 ; and a deed from Modlin to plaintiff. These two were ruled out because the tax deed was sealed only with the official seal of the board of supervisors. The defendant, among other things, put in evidence a patent of said land from the United States to one Fowler, dated June 9, 1842, and showed a chain of title from Fowler to himself. The contents of the patent are sufficiently stated in the opinion. Judgment for the defendant; and the plaintiff took his writ of error

*R. P. Eaton*, in person, argued that the tax deed was *prima facie* evidence that the land was subject to taxation, and, to overcome this, facts must be shown which are inconsistent with such liability. 4 Mich., 140 ; *Wright v. Dunham*, 13 id. The subsequent issue of a patent is not inconsistent with such liability ; because the land is subject to taxation before a patent issues. 3 Wis., 520 ; 12 id., 26 ; 17 id., 556 ; 18 id., 485 ; 3 How. (U. S.), 441 ; 9 id., 356.

*Gillet & Conklin*, for defendant in error.

DOWNER, J. The circuit court ruled out a tax deed to H. Modlin, under which the appellant claims title to the land in dispute, because it had not the private seal of the clerk executing it, but only the official seal of the board of supervisors of the county ; and this is assigned for error. The deed was executed under the authority given by section 109, ch. 15, R. S 1849. That section provides that the clerk of the board of supervisors of the county " shall execute in the name of his county, as clerk of the board of supervisors thereof, under his hand and seal, to the purchaser, his heirs or assigns, a deed of the land remaining unredeemed," &c. It appears plain to us that the statute requires—not the seal of the county—but the seal of the clerk executing the deed. The law of 1852, which prescribed the form of a tax deed, also required the individual executing the deed to use his own seal. The act of 1854 altered this, and provided a form requiring the seal of the county. And the rule is, that where the statute is silent respecting the manner of sealing a deed, the private seal of the person executing it is to be used. Black. on Tax Tit., 433, 434. It follows that the official seal of the county should be used only when there is a clear statutory provision requiring it.

The appellant also claims that he proved a good title to the land under a tax deed to Eastman for the non-payment of the taxes of 1841. It is maintained by the respondent that this tax deed is void, because the title to the land, at the time the taxes

Eaton vs. North.

for 1841 were levied, was in the United States. The patent was issued by the United States June 9th, 1842. But we are asked to infer from the recital in the patent, that Alexander Fowler, to whom the patent was issued, had, before that time, and as early as January 1st, 1840, in equity the title under the act of Congress of 1839, providing for the partition and allotment of the Brothertown Reservation, of which the land in question is a part. It was recited in the patent that, from the report of the commissioners made pursuant to an act of Congress, it appears that the land had been assigned to Fowler. This recital is, as against the grantee and all persons claiming under him, conclusive evidence of the fact recited. But the *date* of the report, and the *time* it was transmitted to the President of the United States, are not given. The act of Congress required the report should be made and transmitted to the President on or before the first of January, 1840. The act does not, however, declare the report or proceedings void, if not done within that time ; and we think that portion of the act fixing the time was directory, and if the report had been transmitted to the President after that time, we are inclined to the opinion that it would not be void. See Sedgwick on Stat. & Con. Law, 369 et seq. The tax deed was *prima facie* evidence that the land was liable to taxation. The patent, we hold, rebutted that evidence. It then devolved upon the plaintiff to show *when* Fowler first acquired a taxable interest in the land. He failed to prove that Fowler, before the patent issued, had such interest, or, if the delivery of the report to the President would have given him such interest, *when* it was delivered.

*By the Court.*—The judgment of the circuit court is affirmed.