## TREAT vs. LAWRENCE.

*Presumption as to title.*

In ejectment, where plaintiff claims under a tax deed, and defendant under a patent from the United States, and it appears that the tax on which plaintiff's deed was based must have been levied before the date of the patent, and there is no proof of the date of *entry* of the land, it must be presumed that the title to the land was in the United States when the tax was levied; and this presumption rebuts the *prima facie* evidence of the liability of the land to taxation, furnished by the tax deed.

APPEAL from the Circuit Court for *Manitowoc* County. Ejectment. The case is stated in the opinion. Defendant had a verdict and judgment; and plaintiff appealed.

*J. S. Anderson*, for the appellant, argued, among other things, that as the tax deed under which defendant claims was based upon a sale made in September, 1858, which could only

be for taxes levied in 1857 (R. S. 1849, ch. 15, sec. 85), and as the patent under which plaintiff claims is dated February 22, 1858, and there was no proof of an earlier entry, the presumption arising from the tax deed that the land was properly taxed, was sufficiently rebutted by the presumption arising from the patent that the title to the land was in the United States in 1857, so that it was not subject to taxation. *Eaton v. North*, 20 Wis., 449; *Eaton v. Lyman*, 33 id., 34; note to *Smith v. Cleveland*, 17 Wis., 556, citing *Carroll v. Safford*, 3 How. (U. S.), 441, and *Crum v. Burke*, 25 Pa. St., 377; *Dixon v. Porter*, 23 Miss. (1 Cush.), 84; Blackw. T. T., 5.

*R. P. Eaton*, for respondent, argued that the date of the patent was immaterial, because it did not show that the land was not liable to taxation, it being so liable from the date of the *entry* of the land, although the patent may not have issued until some years afterwards.

RYAN, C. J. The appellant claims under purchase from the United States; the respondent under a tax deed. The patent of the United States is dated February 22, 1858; the date of the entry on which the patent issued not appearing in proof. The tax deed under which the respondent claims goes upon a tax sale made on September 14, 1858. The tax must have been assessed and levied in the year 1857. R. S. 1849, ch. 15.

The presumption therefore is, that the title to the land was in the United States when the tax was levied and assessed, and that the land was not then subject to taxation. Const., art. II, sec. 2; *Eaton v. North*, 20 Wis., 449; *Eaton v. Lyman*, 33 id., 34.

The tax deed was *prima facie* evidence only of the liability of the land to taxation (sec. 2, ch. 503 of 1852); a presumption rebutted, in the absence of proof of the date of entry, by the production of the patent.

There may be, as was argued, a probability in fact that the

patent was not issued immediately after the entry, and that the entry may have preceded the assessment and levy. But the judgments of courts must go upon proof, and not upon unproved probabilities, of legal rights.

*By the Court.*— The judgment of the court below is reversed, and the cause remanded for a new trial.