Wines v. Woods, Executor.

No. 11,973.

## WINES v. WOODS, EXECUTOR.

DEED.—*Acknowledgment.*—A deed is good between the parties without a certificate of acknowledgment.

SAME.— *Quitclaim.— Notice of Prior Sale. — Unrecorded Deed. —* One who receives a quitclaim deed, with notice that the land has been sold, takes no title as against a prior unrecorded deed held by a good faith purchaser.

SAME.—*Construction.—Law of Place.*—The law of the place where real property is situated governs the construction and effect of a deed conveying it.

EVIDENCE.—*Patent.—Statutory Power to Convey.*—To authorize the admission in evidence of a patent issued by another State, ostensibly in pursuance of a statute authorizing a county to convey lands to the State, it must be shown that the lands described in the patent were within the provisions of the statute.

SAME.—*Tax Deed.—Law of Wisconsin.*—A tax deed under the laws of Wisconsin, being regular on its face, is presumptive evidence of the regularity of prior proceedings, and is *prima facie* proof of title in the grantee.

From the Kosciusko Circuit Court.

*C. Clemans,* for appellant.

*W. S. Marshall, H. S. Biggs* and *J. W. Cook,* for appellee.

ELLIOTT, C. J.—The appellee's intestate, during life, executed to the appellant a warranty deed for land in the State of Wisconsin, and the action is based upon that deed. The deed as it appears in the record is perfect, except that no certificate of acknowledgment is annexed.

The failure of the officer to annex the certificate of acknowledgment did not vitiate the instrument, for a deed is good between the parties, although not entitled to record, without an acknowledgment before an officer of its execution. *Bever* v. *North,* 107 Ind. 544. A *prima facie* case is made by the plaintiff, in such an action as this, when the deed is introduced, and evidence is given showing that the grantor had no title to the land which he assumed to convey. The contention of the appellee's counsel is, that although it

should be conceded that some errors occurred on the trial, still, there can be no reversal, because these errors did not affect the merits of the case.   The ground upon which this argument is placed is, as we understand counsel, that the party in possession of the land and claiming to own it has no title, because he knew before his purchase that his grantor had no title, and with this knowledge accepted a quitclaim deed.   The evidence upon this point is, that a man named Ringle wrote the appellee's intestate, Daniel Shoup, enquiring about the land, and in answer Shoup wrote him that he had sold all his land in Wisconsin.   In answer to Shoup's letter Ringle wrote, in substance, as follows : " There is no deed on record from you conveying the land, you can have no trouble in giving a quitclaim deed of the land.   I want the receipt for the tax of 1859.   A quitclaim deed will do me no good unless I also have this receipt.   There is no deed from you conveying the land on record, and I was of the opinion that the title was in you.   I will, however, accept your title for what it is worth."   We have no doubt that the counsel is right in assuming that Ringle bought the land with notice that Shoup had previously sold it, and that if Ringle's title depended solely on the conveyance received from Shoup, he would have no title as against the appellee.   A notice to one who receives a quitclaim, that the land has been sold, is sufficient to deprive him of title as against a prior unrecorded deed held by a purchaser in good faith.   But, while we thus far agree with appellee's counsel, we can not yield to the conclusion deduced, for that conclusion rests wholly upon the assumption that the only title asserted by Ringle rests on Shoup's quitclaim deed, and this assumption is unauthorized. We are, therefore, required to go further into the case.

The appellant gave in evidence an act of the Legislature of Wisconsin, passed in 1867, authorizing the county of Marathon, in which the land was situated that Shoup assumed to convey, to transfer land to the State in payment of the

county's indebtedness. The introduction of this act was followed by the introduction of other statutory provisions in the laws of Wisconsin, and by an offer to introduce a certificate, or patent, issued under that law to Gustave Mueller on the 27th day of June, 1873. We incline to the opinion that the patent would have been admissible had the appellant proved that the land was owned by the county of Marathon, and was within the provisions of the statute, but we do not find any proof of these facts in the record; on the contrary, we find that the appellant himself introduced a deed from William C. Graves to Shoup, executed on the 16th day of April, 1858. The trial court could not, in the face of this deed, assume that the particular parcel of land was one which the county of Marathon had a right to convey under the provisions of the statute of Wisconsin. In order to prove a covenant broken, it is not enough to prove that a conveyance was ostensibly made under the provisions of a statute; it must also be proved that the parcel of land was embraced within the provisions of the law. It is important to bear in mind that the deed from Graves to Shoup was executed in 1858, fifteen years prior to the date of the certificate, or patent, issued to Mueller, and that the certificate was not issued until five years after Shoup executed the deed to the appellant. In view of these facts, it would have been unreasonable to presume that the land in question was within the statutes of Wisconsin.

It is said by the appellee's counsel, that the tax deeds offered in evidence by the appellant were properly excluded, for the reason that the statute of Wisconsin requires that tax deeds shall be executed by the county clerk, and those offered in evidence purport to have been executed by the clerk of the board of supervisors. We have examined the decisions of the Supreme Court of Wisconsin, and find that they rule this point against the appellee. The tax deed is not, under the laws of that State, vitiated by the fact that the clerk de-

scribes himself as clerk of the board of supervisors of the county. *Scheiber* v. *Kaehler*, 48 Wis. 291.

The statute of Wisconsin, read in evidence, in one section provides that a tax deed " duly witnessed and acknowledged shall be presumptive evidence of the regularity of all the proceedings, from the valuation of the land by the assessor up to and including the execution of the deed." And in another section it provides that " the production of the deed, a copy of which is set forth in the complaint substantially in the form prescribed by law, or a certified copy of the record thereof, shall be presumptive evidence of an absolute title in fee simple in the grantee therein named." Wis. R. S. 1878, sections 1176, 1203.

In commenting upon this statute, it was said by the court, in *Marshall* v. *Benson*, 48 Wis. 558 : " It is claimed that the tax deed is void upon its face because it does not show the year in which the taxes were assessed, for the non-payment of which the lot in controversy was sold and conveyed. It is a complete answer to that objection, to state that the deed is in the form then and now prescribed by statute. *   * The tax deed, being regular on its face, and having been duly witnessed and acknowledged, is presumptive evidence of the regularity of all prior proceedings in respect to the taxation and sale of the lot. R. S., 377, section 1176. Its production, therefore, was *prima facie* proof of title in the grantee therein named."

The law of the place where real property is situated governs the construction and effect of a deed conveying it. *Bethell* v. *Bethell*, 92 Ind. 318. The validity and effect of the tax deeds offered in evidence are, therefore, to be determined by the law of Wisconsin.

The question before us is, not what must appear to constitute a valid tax title where the deed is impeached, but what is the *prima facie* effect of the deed, so that the cases of *Hilgers* v. *Quinney*, 51 Wis. 62, and *Smith* v. *Todd*, 55 Wis. 459, are not in point.

The trial court erred in refusing to admit the tax deeds in evidence.

Judgment reversed.

