WEBSTER, Appellant, vs. SCHWEARS and another, Respondents.

*April 13 — June 1, 1887.*

*Limitation of actions to recover back lands sold for taxes: Tax titles.*

In order to absolutely bar the title of the original owner of lands, which have been sold and conveyed for non-payment of taxes, under the provisions of sec. 1, ch. 133, Laws of 1885, it is essential that all the facts therein enumerated as necessary to defeat his title and perfect the tax title shall have existed when that act took effect as a law; *i. e.*, the original owner must then have failed to pay all the taxes assessed against his lands for four years next preceding the recording of the tax deed, and the grantee of such deed must have, for the period of three years, paid or redeemed all the taxes assessed against such lands after the recording of his deed, otherwise the nine months' limitation of the time for commencing an action to recover back such land thereby prescribed will not apply.

APPEAL from the Circuit Court for *Langlade* County.

The case is sufficiently stated in the opinion.

*W. H. Webster*, appellant, in person, argued, among other things, that the three years' limitation of sec. 1188, R. S., as amended by sec. 2, ch. 309, Laws of 1880, governed this case; and that the nine months' limitation of actions to recover back lands sold and conveyed for non-payment of taxes, prescribed by ch. 133, Laws of 1885, applied only to cases where all the conditions of fact therein enumerated co-incided at the time that act took effect. This construction accords with the intent of the statute. If that applies to one who, like the appellant, holds by tax title, his failure to pay taxes levied before he became owner of the lands could not put him in default. But even if he was in default, the respondents were also in default; and their payment of taxes and redemption from tax sales after the expiration of those nine months did not bring them within the statute.

For the respondents there were briefs by *E. J. Goodrick*,

attorney, and *G. C. Dickinson*, of counsel, and oral argu_
ment by *E. J. Goodrick.* Among other things, they argued
that the nine months' limitation of ch. 133, Laws of 1885, ap-
plied to this case, and the appellant's action, not having been
brought within the time 'limited, was barred thereby. The
appellant had never paid the single tax assessed against the
lands within the four years preceding the respondents' tax
deed, but the respondents paid all that accrued after the
recording of their deed, and those facts bring the case within
the reasonable construction of that act.

TAYLOR, J. This is an action of ejectment brought by
the plaintiff to recover the possession of certain tracts of land
situate in the county of Langlade. The complaint is in the
usual form, and the answer is — *First,* a general denial;
*second*, a separate answer, setting up title in the defendants
under tax deeds; and, *third,* two separate answers, one
setting up the one-year statute of limitations under sec. 3,
ch. 309, Laws of 1880, and the other the nine-months limit-
ation under sec. 1, ch. 133, Laws of 1885. On the trial the
plaintiff introduced in evidence a tax deed of all the lands
described in the complaint, based upon the sale of said
lands for the payment of taxes, made May 8, 1877, for the
taxes levied thereon in 1876. The tax deed was issued and
dated October 13, 1881, and was recorded in Shawano
county, October 24, 1881; the present Langlade county
being at that time a part of Shawano county for county
purposes. In favor of this deed, the plaintiff in his com-
plaint claims the benefit of the limitations contained in
sec. 1210*d*, R. S., and the amendments thereof, in bar of any
inquiry into the validity of said tax deed.

The defendants set up in their answer a title to said lands
by virtue of a tax deed issued to them by the county of
Shawano, based upon a tax sale of said lands on the 11th
day of May, 1880, for the nonpayment of the taxes for the

year 1879, which deed bears date the 2d day of July, 1883, and was recorded in the office of the register of deeds of Shawano county, July 10, 1883.   On the trial it was stipulated by the parties that the plaintiff's tax deed was issued and recorded as stated in his complaint, and that it was recorded in the office of the register of deeds of Langlade county on November 12, 1881; that this action was commenced May 1, 1886, as to the one defendant, and on May 8, 1886, as to the other; that the tax deed under which the defendants claim title was issued and recorded as set out in their answer.   There were other facts admitted, which the learned counsel for the respondents admit show that the tax deed under which they claim title was void for want of sufficient evidence of the posting and publishing the notice of the tax sale.   It was also admitted that the plaintiff had not paid all the taxes levied and assessed on said lands for the four years next proceding the recording the defendants' tax deed, and that neither plaintiff nor defendants had paid the taxes during the three years after the date of the recording of the defendants' deed, but that the lands had been regularly sold for the taxes of 1883, 1884, in 1884 and 1885, and bid in by the county of Shawano.   It was also admitted that on the 16th of February, 1886, the defendants had redeemed from the tax sale of 1884, and on the 17th of February, 1886, from the tax sale of 1885, and that on the 5th of March, 1886, the defendants paid the taxes assessed on said lands for the year 1885.   The questions involved upon the other admissions of fact in this case were not discussed upon the hearing of this case, and are not material to the determination of the questions arising on this appeal.

After the trial the learned circuit judge found that the proof of posting and publishing the notices of the tax sale of the lands in 1880, the sale under which the tax deed of the defendants was issued, were irregular and invalid; but the court also held that the defendants, having redeemed

from the tax sales of 1884 and 1885, in February, 1886, and having paid the taxes of 1885 in March, 1886, and the plaintiff having failed to pay all the taxes assessed and levied upon the said land for the four years next preceding the recording of the defendants' tax deed, the title to said lands was vested in said defendants under the provisions of sec. 1, ch. 133, Laws of 1885, and that the plaintiff could not recover in this action.

Judgment was entered in favor of the defendants, and the plaintiff appealed to this court, and insists that the learned circuit judge erred in holding that sec. 1, ch. 133, Laws of 1885, was available to the defendants in establishing their title, and in defeating the title of the plaintiff upon the facts appearing in this case.

The appellant makes two objections to the ruling of the learned circuit judge. *First*, he alleges that ch. 133, Laws of 1885, is not applicable to him. He claims that the words "original owner," used in said section, have a well-known signification, and mean an owner obtaining his title through a patent from the United States, or from this state, and do not include an owner who claims title by virtue of a tax deed. *Second*, that the provisions of said ch. 133, Laws of 1885, can only be applied to a case where all the facts necessary to defeat the original owner, and to perfect the title of the tax-title claimant, existed when the act took effect as a law.

The following is a copy of the law of 1885 above referred to: "In all actions to recover the possession of any lands heretofore conveyed or purporting to have been conveyed, for the non-payment of taxes, or to quiet title to such lands, or to cancel or annul tax deeds heretofore issued against such lands, or to recover for trespass or waste or other injury to such lands committed thereon, from and after the date of the record of any such deed or instrument of conveyance, or to recover any property removed therefrom subse-

quent to the record of such deed or instrument of conveyance, if it shall appear in proof at the trial that the original owner of any such lands, or those claiming under him, have, for the period of four years next preceding the recording of such deed or instrument of conveyance, failed or neglected to pay all the taxes levied and assessed against said lands, and that the grantee in such deed or instrument of conveyance, or those claiming under him, have for the period of three years paid or redeemed all the taxes levied and assessed against said lands from and after the date of the recording of such deed or instrument of conveyance, then, and in every such case, the title of the original owner, or those claiming under him, to such lands, and all rights thereunder, shall be forever barred, unless such actions shall be commenced by such original owner, or those claiming under him, within nine months from and after the passage and publication of this act: provided, that this act shall not affect actions now pending: and provided, further, that this act shall not be taken or construed as limiting any rights of action in favor of or belonging to the grantee in such deed or instrument of conveyance, or those claiming under him."

The first point made by the learned counsel for the appellant was not urged by him upon the hearing in this court; and, as we have concluded that the second point made by him must be determined in his favor, we do not consider it necessary to decide whether the act is applicable to a person claiming under a tax deed, which is shown to give its holder a clear title in fee, and to divest such original owner of his title.

Upon the other point made, we are very clear that the defendants were in no position to avail themselves of the short limitation of nine months from the date of the passage of ch. 133, Laws of 1885, to defeat the plaintiff's

title.   It is not now claimed that the limitation of one year prescribed by sec. 3, ch. 309, Laws of 1880, is applicable to the case.   The plaintiff does not seek to avoid the defendants' tax deed upon any matters "affecting the validity of the assessment or going to the ground-work of the tax."  See *Pier v. Prouty*, 67 Wis. 218; *Ruggles v. Fond du Lac*, 63 Wis. 205.   Upon the facts admitted upon the trial of this action it is clear that, at the time ch. 133, Laws of 1885, was enacted, the plaintiff was the owner of the lands in controversy, and the defendants had then done nothing which could effectually defeat the plaintiff's right to the lands, and to maintain an action against the defendants successfully.   There was then no statute of limitations which could bar the plaintiff of his right.   It is true, the defendants had a tax deed, and, for the purposes of this case, it may be admitted that they were then in possession under such deed, but, as against the plaintiff, their title was subject to be defeated by showing any irregularities in the proceedings upon which their title was founded, and on such showing the plaintiff would be entitled to recover upon the payment of all sums which the defendant may have paid for taxes on said lands, with twenty-five per cent. interest added.   See secs. 4, 5, ch. 309, Laws of 1880.   As the plaintiff commenced his action within three years after the recording of the defendants' deed, the plaintiff is entitled to recover upon making the payments above mentioned, if he can show the defendants' deed void for irregularities not going to the validity of the assessment or the groundwork of the tax.   See sec. 2, ch. 309, Laws of 1880.   Whether the defendants could have successfully defended against the plaintiff's action by setting up the limitations prescribed in sec. 1 of ch. 309, Laws of 1880, cannot be determined in this action, as no defense to the action under said section was pleaded by them.   After a careful consideration of ch.

133, Laws of 1885, it seems to us that the construction given to it by the learned counsel for the appellant is the only reasonable construction it will bear.

It is evident the act was to give effect to tax titles which were, when the act was passed, liable to be defeated by the original owner, or perhaps by one standing in his place, holding a title which had effectually defeated the title of such original owner by a short limitation in favor of such tax titles. The act applies only to claimants under deeds theretofore issued. The act selects out a class of tax-title claimants who are to be favored by the act. The class of tax-title claimants to be benefited by the act is evidently a class who, after recording their tax deeds, have paid the taxes for three years after the recording of their tax deeds. They were selected because of their merit in having faithfully performed the duty of an owner of the land,— in fact by paying their taxes. The legislature, however, went further, and provided that this merit on the part of the tax-title claimant should not give him a title unless the original owner was also in default in having failed to pay all the taxes assessed on the lands for four years .next preceding the date of the tax deed. The original owner, having performed his duty, by paying all taxes before the defendant makes his claim under his tax deed, is not to be defeated of his title by this new limitation, though he may have refused or neglected to pay taxes after the tax deed is issued, and a claim made under it; but he is to stand upon his rights as they were before the act was passed. The language of the statute is substantially that, when a certain state of facts exists at the time of the passage of the act, the title of the original owner shall be forever barred in favor of the tax-title claimant; but, as the legislature had not the power to bar the owner's right instantly, it is provided that such state of facts shall not bar him, if he bring

an action to assert his right within nine months after the passage of the act.

It is said if the act be construed as to apply only to tax-title claimants whose deeds had then been issued for three years or more, there were no cases to which the act could be beneficially applied, as the rights of such tax claimants would be amply protected under the then existing laws. This assertion is not sustained by the existing facts. It was well known when this act was passed that very large tracts of land in this state were claimed by persons holding *what purported* to be tax deeds, and who had, upon the strength of such deeds, paid the taxes on the lands described therein, and yet their rights were not protected by any of the short limitations in favor of tax titles. There were a large class of tax-title claimants, whose tax deeds were void on their face on account of some omission in the form of the deed itself. As to such claimants this court has frequently held that the recording of such deed did not set the short limitation running in favor of such deeds, and that the only way in which the tax-title claimant under such void deed could avail himself of the short limitation was to take actual possession of the lands described in his deed. See *Easley v. Whipple*, 57 Wis. 485, 486; *Woodman v. Clapp*, 21 Wis. 355; *Wilson v. Henry*, 40 Wis. 594; *Lain v. Shepardson*, 18 Wis. 59; and many other cases that might be cited.

In the case of *Easley v. Whipple*, *supra*, the court held that nearly all the tax deeds which had been issued by the county of Marathon, covering many thousands of acres of land, were void upon their face, because the " state of Wisconsin " was not named as grantor in said deeds, and that, by reason of such defect in these tax deeds, the recording of said deeds did not give the grantees named therein the constructive possession of the lands described therein, so as

to set the short statute of limitations running in their favor, when the lands were vacant and unoccupied, and, as a consequence, the validity of said deeds might be attacked by the original owner at any time, unless the grantees in such deeds took actual possession of the lands described therein.

Ch. 133, Laws of 1885, was passed at the next session of the legislature after the decision in the case of *Easley v. Whipple*, and it may be fairly inferred that the act was passed in aid of the persons claiming title to lands under such tax deeds void upon their face. The act uses apt words to make it applicable to such deeds. The words are "in all actions to recover the possession of any lands heretofore *conveyed*, or *purporting to have been conveyed*, for the nonpayment of taxes," etc. The words "purporting to have been conveyed" were evidently introduced to cover the decision in the case of *Easley v. Whipple*, in which it was held that the words "tax deeds," when used in a statute, meant such deeds as were valid upon their face as tax deeds, and did not cover the case of a deed "purporting to be a tax deed," but which, for defects on its face, was void as a tax deed. It would seem to be quite apparent that the main object of the act was to aid those holding tax deeds void on their face, and not those which were in due form of law, as the holders of such deeds were already protected by a limitation act more favorable to them than the act of 1885.

Construing the act in view of these facts, and it being apparent on the face of the act that there was no intention on the part of the legislature to create a new and short limitation in favor of tax deeds generally which were void upon their face, but that it was the intention to confine the new limitation to deeds theretofore issued, we think the language of the act clearly confines it to those cases where, at the passage of the act, all the facts were then existent, which

would validate the title of the tax-title claimant, unless the original owner commenced his action within nine months after its passage.   As before said, it is an act to validate certain tax deeds theretofore issued, unless the original owner commenced an action to invalidate such deeds within nine months after the passage of the act.

It appears to us that the words of the act, "if it shall appear in proof at the trial that the original owner, etc., have, for the period of four years, etc., failed to pay all taxes levied and assessed against said lands, and that the grantee in such deed or instrument of conveyance have for the period of three years paid or redeemed all the taxes levied, etc., from and after the date of the record of such deed," etc., cannot fairly be construed so as to permit either the plaintiff or defendant in the action to make the payments which shall defeat the right of the other, either after the action has been commenced by the original owner, or after he has lost his right to commence his action by the lapse of time.   Under the most liberal construction of the act in favor of the tax-title claimant, it would seem necessary that he should have paid the three years' taxes, after the date of the deed, before the lapse of the nine months within which the plaintiff is allowed to bring his action.   Until such payment, he does not bring himself within the statute, and cannot invoke its aid.   He cannot refuse to pay the taxes for more than nine months after the passage of the act, and then invoke such payment to defeat the original owner's title because he did not bring his action within said nine months.   If the defendant may do that, it seems to us equally clear that the original claimant might, after the expiration of the nine months from the passage of the act, pay up the taxes, or some part thereof, levied on said lands, within the four years previous to the date of the defendants' tax deed, and then bring his action after the expiration of

the nine months, and so avoid the defendants' rights under the statute. We are, however, inclined to hold that the proofs of the payments, or failure to pay, mentioned in the act, mean proofs of payments made at or before the time the act was passed. In either case, the payments made by the defendant were not made in time to bring him within the provisions of the law of 1885.

In any view of the case, we think the learned circuit judge erred in holding the act applicable to the case at bar, and that judgment should have been rendered in favor of the plaintiff, subject to the payment of the sum of $532.23, the amount paid by the defendants for their tax deeds, and the taxes and interest subsequently paid by them.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to the circuit court to render judgment for the plaintiff in accordance with this opinion.