## WINE v. WOODS, ADMINISTRATOR.

[No. 19,538.    Filed April 25, 1902.]

DEEDS.—*Breach of Covenant.—Burden of Proof.*—In an action for a breach of covenant of seisin on the ground that at the time the deed was executed to plaintiff the title to the land was either in the county by virtue of two tax deeds, or in the state by virtue of a deed executed by the county, the burden of proof rested upon plaintiff to show that the grantor had no title to the real estate at the time of the attempted conveyance. *pp. 389, 390.*

SAME.—*Breach of Covenant.—Invalid Tax Deed.*—In an action for breach of covenant on the ground that the title to the land was not in grantor at the time of the execution of the deed, but that it had been sold and conveyed for taxes, evidence that the tax deeds were void under the decisions of the supreme court of the state in which the land was situated justified the court in directing a verdict for defendant. *pp. 390, 391.*

LAW OF CASE.—*Points Decided.*—Only points decided on the former appeal become the law of the case. *pp. 391, 392.*

From Kosciusko Circuit Court; *H. B. Shively,* Special Judge.

Suit by Jacob Wine against Thomas Woods, administrator of the estate of Daniel Shoup, deceased, for breach of covenants of warranty in a deed executed by decedent to plaintiff to certain lands in Wisconsin. . From a judg-

ment for defendant, plaintiff appeals. Transferred from the Appellate Court, under §1337u Burns 1901. *Affirmed.*

*L. W. Royse, B. Shane, A. G. Wood, F. E. Bowser, T. R. Marshall, W. F. McNagny* and *P. H. Clugston,* for appellant.

Monks, J.—In 1868, Daniel Shoup and wife executed to appellant a warranty deed for 160 acres of real estate in Marathon county, Wisconsin. The grantors and grantee resided in this State when the deed was executed. In 1880, appellant brought this action against Shoup to recover damages for a breach of the covenant of seisin. Shoup died after the commencement of the action, and appellee was substituted as defendant. A trial of said cause was had, and judgment rendered in favor of the defendant, the appellee, which was reversed on appeal. *Wine v. Woods,* 109 Ind. 291. Afterwards, at the December term, 1899, of the court below, the case was again tried, and by direction of the court a verdict returned for appellee, and, over a motion for a new trial, judgment rendered thereon against appellant. The only error properly assigned calls in question the action of the court in overruling appellant's motion for a new trial. The deed sued upon was executed January 24, 1868. The land included in the deed had been offered for sale for delinquent taxes in 1860 for the taxes of 1859, and bid in by the county of Marathon, state of Wisconsin; and on May 7, 1864, two tax deeds describing said lands were executed to said county. In 1867, the legislature of that state passed an act authorizing said county to convey the lands held by it on tax deeds to the state. Under this statute the county, in June, 1867, executed a deed to the state, which included the lands in controversy.

The contention of appellant is that at the time the deed was executed to him in 1868 the title to the land was either in Marathon county, by virtue of the two tax deeds executed May 7, 1864, for the land in controversy, or in

the state of Wisconsin by virtue of a deed executed to it by the county of Marathon, in June, 1867. The burden of proof rested upon appellant to show that Daniel Shoup had no title to said real estate in 1868, when he conveyed the same to appellant. *Hamilton* v. *Shoaff,* 99 Ind. 63, 67, 68; *Ingalls* v. *Eaton,* 25 Mich. 32; *Peck* v. *Houghtaling,* 35 Mich. 127; *Woolley* v. *Newcombe,* 87 N. Y. 605, 608.

On the first appeal in this case (*Wine* v. *Woods,* 109 Ind. 291) this court said: "A *prima facie* case is made by the plaintiff, in such an action as this, when the deed is introduced, and evidence is given showing that the grantor had no title to the land which he assumed to convey." The determination of this appeal depends upon the validity of said three deeds. If they were void, the court properly directed a verdict for appellee.

When the two tax deeds for the land in controversy were executed in 1864, the statute of Wisconsin (Sec. 50, Ch. 22, Acts 1859) required that the county and state be named therein as grantors. In each of the two tax deeds mentioned, the only grantor named was Marathon county, the name of the state of Wisconsin as a grantor being omitted. Tax deeds from Marathon county, in the same form as those in controversy here, were held void by the supreme court of Wisconsin, in *Easley* v. *Whipple,* 57 Wis. 485, 14 N. W. 904, (decided in 1883) and in *Haseltine* v. *Hewitt,* 61 Wis. 121, 20 N. W. 676 (decided in 1884). In *Easley* v. *Whipple, supra,* the court said: "The county alone was named as grantor in the deed. The land was then, and always has been, wild, unoccupied and uncultivated. The tax deed was clearly void on account of the omission of the name of the state as grantor. Section 50, Ch. 22, Laws 1859; *Woodman* v. *Clapp,* 21 Wis. 355; *Wilson* v. *Henry,* 40 Wis. 594. The deed being void upon its face, did not operate to change the constructive possession which remained in the original owner. Nor was it sufficient color of title to support the three years' statute of limitations in favor of the grantor

named therein. *Lain* v. *Shepardson,* 18 Wis. 59." The court in the same case held that the act of 1867, Ch. 22, which is relied upon as giving validity to said deeds, did not make said void tax deeds valid. The evidence shows that the land in controversy in this case was "wild, unculti- vated, and unfenced. There was neither road nor path leading to it, except the government survey." It is evident, therefore, that appellant wholly failed to show that Daniel Shoup had no title to said real estate when he conveyed the same to appellant in 1868.

Appellant insists that on the former appeal this court held "that said tax deeds were, under the laws of Wisconsin, presumptive evidence of an absolute title in fee simple in the grantees therein named, and of the regularity of all prior proceedings in respect to the taxation and sale of said lands. The decision became the law of the case and should not have been disregarded by the trial court." Only points decided become the law of the case. This court said, in *Davis* v. *Krug,* 95 Ind. 1, 9 : "But we can not agree to the claim of appellee's counsel, that 'the law of the case' precludes us from considering and deciding now, on the sec- ond appeal of this cause, any questions which might have been, but were not, considered and decided as the case was presented on the first appeal." This case was approved on this point in *Elliott* v. *Cale,* 113 Ind. 383, 406; *Forgerson* v. *Smith,* 104 Ind. 246, 247.

It was decided in *Rinard* v. *West,* 92 Ind. 359, 366, that the holding of a complaint bad on appeal for specified de- fects did not bar holding it bad on a second appeal for other defects.

The only point decided on the former appeal (*Wine* v. *Woods,* 109 Ind. 291) was that the tax deeds in controversy were executed by the proper officer. On page 293, the court said: "It is said by the appellee's counsel, that the tax deeds offered in evidence by the appellant were properly excluded, for the reason that the statute of Wisconsin re-

quires that tax deeds shall be executed by the county clerk, and those offered in evidence purport to have been executed by the clerk of the board of supervisors." The court decided this point against appellee. It then said that the statute of Wisconsin provided that a tax deed "duly witnessed and acknowledged shall be presumptive evidence of the regularity of all the proceedings, from the valuation of the land by the assessor up to and including the execution of the deed," and that "the production of the deed, substantially in the form prescribed by law, shall be presumptive evidence of an absolute title in fee simple in the grantee."

It will be seen that the sole point made on the first appeal by counsel for appellee was that the tax deeds were not executed by the county clerk. The point that the deed omitted the name of the state of Wisconsin as a grantor, and was void for that reason, was not made nor decided by this court on the former appeal.

It follows that the court did not err in directing a verdict for appellee. Moreover, if said tax deeds were not void for the reasons stated, there was evidence given at the trial which clearly proved that the same were invalid under the law as declared in the following cases: *Treat* v. *Lawrence,* 42 Wis. 330; *Curtis* v. *Board, etc.,* 22 Wis. 167, 169; *Hiles* v. *Cate,* 75 Wis. 91; *Hebard* v. *Ashland County,* 55 Wis. 145, 148, 12 N. W. 437; *Jarvis* v. *Silliman,* 21 Wis. 607; *Iverslie* v. *Spaulding,* 32 Wis. 394; *Hilgers* v. *Quinney,* 51 Wis. 62, 8 N. W. 17. See, also, *Martin* v. *Barbour,* 140 U. S. 634, 644, 11 Sup. Ct. 944, 35 L. Ed. 546.

Judgment affirmed.

Gillett, J., took no part in the decision of this cause.