BRYSON ET AL. *v.* CROWN OIL COMPANY ET AL.

[No. 22,683.  Filed March 31, 1916.  Rehearing denied June 28, 1916.]

1. TRESPASS.—*Realty.—Measure of Damages.*—One who willfully and intentionally takes ore, timber or other property from the land of another must respond in damages for the full value of the property taken at the time of the conversion, without any deduction for the labor bestowed or expense incurred in removing and preparing it for the market; but if he commits the wrongful act unintentionally, or by mistake, or in the honest belief that he is acting within his legal rights, the measure of liability is the value of the property taken, less what it costs to produce it.  p. 158.

2. COURTS.—*Decisions.—Constructions.*—Statements in a judicial decision should be construed in the light of the questions actually under consideration in a given case.  p. 158.

3. TRESPASS.—*Mines and Minerals.—Damages.—Interest.*—In an action to recover damages from one who, acting in good faith, has taken oil from the land of another, additional damages, in the nature of interest, may be allowed for the lapse of time that the property has been withheld, so that the rightful owner may be compensated as of the time of the conversion.  pp. 159, 161.

4. TRESPASS.—*Mines and Minerals.—Measure of Damages.*—The rule as to the measure of damages for the conversion of oil by a trespasser is the same as for the conversion of any other natural resource, and the fact that the development of oil may be hazardous and highly speculative is immaterial.  p. 160. :

5. APPEAL.—*Law of the Case.—Subsequent Appeal.*—The doctrine of "the law of the case" as referring to the decision of the court in a particular case on a former appeal, while conclusive, like a former adjudication, as to all matters properly within its scope, cannot be invoked except on questions which were actually presented and considered at the former trial, or on appeal from the judgment therein.  p. 161.

6. TRESPASS.—*Mines and Minerals.—Findings.—Amount of Recovery.*—In an action where damages were awarded against a trespasser for oil taken from the land of another in good faith, the burden rested on the defendant to obtain a finding of facts containing all credits to which he was properly entitled in the determination of the amount of damages assessable.  p. 162.

7. APPEAL.—*Presumption.—Findings.*—In an action where damages were awarded for oil taken from the land of another in good faith, the court will presume, in the absence of an affirmative showing to the contrary, that the defendants were allowed all credits to which they were entitled in the determination of the amount of damages assessed.  p. 162.

From Madison Circuit Court; *Charles K. Bagot,* Judge.

Action by Lucy M. Troyer and others against the Crown Oil Company and others, with a cross-complaint by defendant Crown Oil Company to quiet title, and against David Bryson and others for damages. Judgment for defendant Crown Oil Company against plaintiffs and against David A. Bryson and others for damages, and Bryson and others appeal. *Affirmed.*

*Gus S. Condo, John R. Brown, Abram Simmons, Frank C. Dailey* and *Charles G. Dailey,* for appellants.

*R. W. McBride* and *Blacklidge, Wolf & Barnes,* for appellees.

SPENCER, J.—This proceeding has its origin in an action commenced in the Grant Circuit Court on June 20, 1901, by all of the appellees, except the Crown Oil Company, to quiet title to certain land in Grant county as against an oil lease contract thereon which was held by the Crown Oil Company through assignment from its codefendants. The Crown Oil Company subsequently filed a cross-complaint against the other parties to the action to quiet its title to the rights granted by said lease contract, and to recover damages from the appellants herein for oil taken by them from wells which they had drilled on the land in question under another lease contract. Such further proceedings were had as resulted in a judgment in favor of the plaintiffs on their complaint and against the Crown Oil Company on its cross-complaint, but on appeal that judgment was reversed by this court (*New American, etc., Co.* v. *Troyer* [1905], 166 Ind. 402, 76 N. E. 253, 77 N. E. 739), and the cause remanded for a new trial. A change of venue was then taken to the Madison Circuit Court and such proceedings

there had as resulted in a judgment in favor of the Crown Oil Company and against appellants in the sum of $18,083.90 as damages, and against the other appellees on their complaint. This appeal follows, and presents generally the question as to the proper measure of damages in cases of this character.

It has been held that one who willfully and intentionally takes ore, timber or other property from the land of another must respond in damages

1. for the full value of the property taken, at the time of the conversion, without any deduction for the labor bestowed or expense incurred in removing and preparing it for the market; but that if he commits the wrongful act unintentionally, or by mistake, or in the honest belief that he is acting within his legal rights, the measure of liability is the value of the property taken, less what it costs to produce it. *Campbell* v. *Smith* (1913), 180 Ind. 159, 171, 101 N. E. 89; *Kahle* v. *Crown Oil Co.* (1913), 180 Ind. 131, 146, 100 N. E. 681.

Appellants rely on this statement of the general rule and assert that its proper application precludes the allowance of interest as an element of recovery, particularly when the defendants have acted in good faith, which the trial court has found specially to be the fact in this case. Assuming that in the reported decisions expressions may be found

2. which suggest that the amount of the judgment in a case of this character must be *limited* to the actual value of the property taken, at the time of its conversion, it should be remembered that such statements are to be construed in the light of the questions actually under consideration in the given case.

In reference generally to the question of interest it is stated in *Richards* v. *Citizens Natural Gas Co.*

(1889), 130 Pa. 37, 39, 18 Atl. 600, that: "Interest as such is recoverable only where there is a failure to pay a liquidated sum due at a fixed day, and the debtor is in absolute default. It cannot, therefore, be recovered in actions of tort, or in actions of any kind where the damages are not in their nature capable of exact computation, both as to time and amount. In such cases the party chargeable cannot pay or make tender until both the time and the amount have been ascertained, and his default is not therefore of that absolute nature that necessarily involves interest for the delay. But there are cases sounding in tort, and cases of unliquidated damages, where not only the principle on which the recovery is to be had is compensation, but where also the compensation can be measured by market value, or other definite standards. Such are cases of the unintentional conversion or destruction of property, etc. Into these cases the element of time may enter as an important factor, and the plaintiff will not be fully compensated unless he receive, not only the value of his property, but receive it, as nearly as may be, as of the date of his loss. Hence it is that the jury may allow additional damages, in the nature of interest for the lapse of time. It is never interest as such, nor as a matter of right, but compensation for the delay, of which the rate of interest affords the fair legal measure." See, also, *Pittsburgh, etc., R. Co.* v. *Swinney* (1883), 97 Ind. 586, 596; *Kavanaugh* v. *Taylor* (1891), 2 Ind. App. 502, 28 N. E. 553; 38 Cyc 2090.

Appellants concede, in effect, that this reasoning may be applicable in ordinary cases of trespass and conversion of property, but they insist that a different rule applies in the conversion of oil and like minerals which by nature are migratory, volatile,

fugitive and vagrant. The contention is that such minerals are incapable of ownership in their natural state, and become absolute property only when reduced to possession; that those who deal with minerals of that character deal with a highly speculative gamble; and that, when they have in good faith expended money and energy in developing a project which is actually the property of another, they should not be compelled to pay interest in any form on the value of the minerals thus produced by their efforts.

We can not agree that the risk and expense incident to the development of any particular natural resource is of controlling importance in determining the rights of those interested therein as against a trespasser. The right to prospect for oil in a particular locality is entitled to the same protection as the right to cut timber on a particular tract of land, and in the violation of either the same measure of damages is applicable. In this connection, however, appellants insist that this court held on the former appeal that "oil and gas contracts are in a class by themselves; that oil and gas rights and the rights of parties litigant incident thereto are also in a class by themselves, and that the rules applicable to real property, landlord and tenant, etc., are not applicable to oil and gas property; and that the court very positively decided that matters in litigation over such property must be construed and determined according to the known characteristics of the business." This statement of the decision in *New American, etc., Co.* v. *Troyer, supra,* is far too sweeping. Conceding that we there held gas and oil contracts to be in a class by themselves, and that certain elements peculiar thereto are to be considered in the construction of such contracts, such a decision does

not determine that all matters relative to the development of gas and oil properties, and to the rights of the parties in interest, are to be governed by a special system of jurisprudence founded on the peculiarities of the business. The doctrine of "law of the case," relied on by appellants, while conclusive, like a former adjudication, as to all matters properly within its scope, is much more limited in its application and cannot be invoked except on questions which were actually presented and considered at the former trial, or on appeal from the judgment therein. It is not applicable here. *Alerding* v. *Allison* (1907), 170 Ind. 252, 258, 83 N. E. 1006, 127 Am. St. 363; *Wine* v. *Woods* (1901), 158 Ind. 388, 391, 63 N. E. 759; 2 R. C. L. 228, §192. Referring then to the decisions relied on by appellants, it is apparent that they are to be construed as announcing the proper measure of damages to be applied as of the date of the conversion, but not as precluding the recovery in a proper case of additional damages for the withholding of compensation to the rightful owner.

Appellants contend, however, that before they could, under any circumstances, be charged with interest on money received by them from the sale of oil, they were entitled, first, to have deducted therefrom the cost of production of such oil. Assuming, without deciding, that appellants' position is well taken, we are unable to say from a consideration of the facts found specially by the trial court that a different rule was adopted in fixing the several charges and credits which determined the amount of the judgment.

In its special finding No. 56 the trial court found that appellants, except the Indiana Pipe Line Company, "paid out and expended the sum of

Forty-eight Thousand Dollars, for the drilling of said thirteen wells on the real estate, and the equipment. of the same for the production of oil, and in producing said oil, and buying the proper and necessary machinery and equipment, and labor therefor; that said sum of Forty-eight Thousand Dollars was more than the reasonable and necessary cost and that the same could have been produced by applying economical and proper methods thereto for the sum of Forty-two Thousand Dollars." The latter sum was allowed as a credit in fixing the amount of the judgment, but appellants contend that they are entitled to the full credit of $48,000, as representing the amount expended by them in good faith in developing the property in question. The case of *Kahle* v. *Crown Oil Co.*, *supra*, is cited in support of this contention, but it must be noted that the decision in the Kahle case would not authorize the recovery of moneys paid out by appellants in traveling expenses, hotel bills, etc., incident to the development of the oil field and their production of oil therefrom. The record in the Kahle case contained the evidence given at the trial, and it was possible to determine that the allowance made in that case contained items which were not properly chargeable to the plaintiff. In this case, however, the evidence is not before us, and we can not say what expenses are included in the item of $6,000, which the trial court refused to allow. The burden rested on appellants to get a finding of facts which should contain all credits to which they were properly entitled; and as the record stands, we must presume, in the absence of an affirmative showing to the contrary, that all such credits were allowed.

No error appearing in the record, the judgment of the trial court is affirmed.

Note.—Reported in 112 N. E. 1. Measure of damages in trespass for injuring or removing timber, or other property from land of another, 1 Am. St. 497; 38 Cyc 1141; (for wrongful working of a mine) 8 Ann. Cas. 43; 27 Cyc 639. Law of the case on second appeal, note 34 L. R. A. 321.