JOHN HEIDECAMP, ADMINISTRATOR, PLAINTIFF IN ERROR, v. THE JERSEY CITY, HOBOKEN AND PATERSON STREET RAILWAY COMPANY, DEFENDANT IN ERROR.

Argued March 5, 1903—Decided June 15, 1903.

The next of kin of a child adopted under our "Act concerning infants" (*Gen. Stat., p.* 1714) are the next of kin by blood, and not the adopting parent.

On error.

For the plaintiff in error, *James F. Minturn.*

For the defendant in error, *William D. Edwards.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This suit is brought by John Heidecamp, administrator of Annie Heidecamp, deceased, under our Death act, for the benefit of the next of kin.

Previously to the injury which caused her death Annie had been adopted as the daughter of the plaintiff, under the "Act concerning the adoption of infants," with the written consent of the mother.

The trial court held that the adopting father was not the next of kin, and that the natural mother could recover nominal damages only, and a verdict was directed accordingly.

The plaintiff below is the plaintiff in error.

The question to be reviewed is whether this instruction of the trial court is correct.

Our Death act, under which this suit is prosecuted, provides that the action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and the sum recovered shall be distributed to such widow and next of kin in the proportions provided by law in relation to the distribution of personal property left by persons dying intestate.

The next of kin in this act must be held to mean the next of kin by blood, unless the "Act concerning the adoption of infants" impresses upon the term a different meaning as applicable to this case.

Our "Act concerning adoption" *(Gen. Stat., p.* 1714, *pl.* 17) provides "that, upon the entry of the decree of adoption, the parents of the child, if living, shall be divested of all legal rights and obligations due from them to the child or children or from the child or children to them; and the child or children shall be free from all legal obligations of obedience or otherwise to the parents; and the adopting parent or parents of the child or children shall be invested with every legal right in respect to obedience and maintenance on the part of the child or children as if said child or children had been born to them in lawful wedlock; and the child or children shall be invested with every legal right, privilege, obligation and relation in respect to education, maintenance and the rights of inheritance to real estate or to the distribution in personal estate on the death of such adopting parent or parents as if born to them in lawful wedlock."

The statute expressly invests the adopting parent with every legal right in respect to obedience and maintenance on the part of the child as if the child had been born to them in lawful wedlock, but it wholly fails to bestow upon the

adopting parent any right to inherit the estate of the adopted child.

That the draftsman of the act did not intend to confer any such property right upon the adopting parent is emphasized by the immediately succeeding provision that the adopted child shall be invested with every legal right, privilege, obligation and relation in respect to education, maintenance and the rights of inheritance to real estate or to the distribution in personal estate on the death of the adopting parents as if born to them in lawful wedlock.

The statute further provides that, on the death of the adopting parent and the subsequent death of the adopted child without issue, the property of such adopting deceased parent shall descend to, and be distributed among, the next of kin of said parent, and not to the next of kin of the adopted child.

The adopting father is therefore excluded from inheriting, as the next of kin of the adopted child, not only by the failure of the statute to invest him with such right, but also by the declaration that, in determining who are the next of kin of the adopted child, regard is not to be paid to the fact of adoption; the next of kin of the adopted child are his next of kin by blood.

I have found no authority which will justify a different interpretation of our statutes.

*Barnes* v. *Allen,* 25 *Ind.* 222, holds that adopted children are the heirs of adopting father in the degree of children, and are entitled to inherit from him.

No other construction could be given to the Indiana statute, which provides that the adopted child shall have the same interest in the estate of adopting parent, by descent or otherwise, as if the natural heir of such parent.

The question whether the adopting father could inherit from the child is not involved or discussed in the case.

In *Barnhisel* v. *Ferrell,* 47 *Ind.* 335, the court expressly declares that, as between the adopted child and the lawful children of the adopting parent, the legal relation as to inheritance is not changed or affected by the adoption; that, on

the death of the adopted child, his next of kin by blood take from him.

In *Davis* v. *King,* 95 *Ind.* 1, it appears that, in 1883, the Indiana statute was amended by providing that property, real and personal, which came to the adopted child by gift, devise or descent from the adopting parent should, on the death of the child, go to the heirs of the adopting parent, the same as if such child had not been adopted.

The right of the adopting parent to succeed as next of kin to the child was not in this case.

In *Remders* v. *Koppelman,* 68 *Mo.* 482, the Missouri court expressly ruled that, on the death of the adopted child, his estate will go to his relations by blood, and not to those by adoption. This interpretation was based by the court upon the fact that the statute of that state does not provide who shall inherit from the adopted child, but only that the adopted child shall inherit from the adopting parent.

*Delam* v. *Bruerton,* 20 *N. E. Rep.* 308; *Warren* v. *Prescott,* 84 *Me.* 483, and *Hartwell* v. *Teft,* 34 *L. R. A.* 500 (*Rhode Island*), give no support to the claim of the adopting parent.

John Heidecamp therefore cannot be regarded as the next of kin, and the action can be maintained only in the right of the natural mother of the deceased child, who is, under our law, the next of kin.

She had abandoned her child and released all claims to her services, and was therefore legally entitled to no substantial damages. If it was error to direct a verdict for nominal damages, the plaintiff in error cannot complain.

There is no error in the direction of the trial court which was injurious to the plaintiff, and the judgment should therefore be affirmed.

*For affirmance*—THE CHANCELLOR, VAN SYCKEL, DIXON, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VOORHEES, VROOM. 12.

*For reversal*—None.