### NO RECOVERY BY ADOPTING PARENT FOR WRONGFUL DEATH OF AN ADOPTED CHILD.

Circuit Court of Huron County.

JESSE BOSWELL, ADMINISTRATOR, v. THE LAKE SHORE ELECTRIC RAILWAY COMPANY.[*]

Decided, April, 1911.

*Wrongful Death—Ohio Statute Does Not Permit of Recovery for an Adopted Child—Amendment, Justifying Recovery for Another Beneficiary Not Permissible—Adopted Child Inherits from Adopting Parent, But Converse Not True.*

An action will not lie to recover damages for wrongfully and negligently causing the death of an adopted child, where such recovery is sought for the sole benefit of the adopting parent.

*Rupert Holland* and *Jesse Vickery,* for plaintiff in error
*A. V. Andrews,* contra.

RICHARDS, J.; WILDMAN, J., and KINKADE, J., concur.

Error to the court of common pleas.

This action was brought in the court of common pleas to recover damages by reason of the death of an adopted son of the plaintiff, claimed to have been caused by the negligent and wrongful act of the defendant company. The case proceeded to trial before a jury and it developed upon the trial, as well as

---

[*]Affirmed without opinion, *Boswell, Admr.,* v. *Lake Shore Electric Ry. Co.,* 88 Ohio State, 563.

by the petition, that the plaintiff was seeking to recover for the benefit of an adopting parent of this child, and when that was disclosed, the court directed the jury to return a verdict for the defendant on the ground that the statute providing for the recovery of damages in this class of cases does not authorize a recovery for the benefit of an adopting parent.

To that judgment the plaintiff prosecutes error, and the simple question for our determination is whether the statute authorizing a recovery will permit a recovery for the benefit of an adopting parent.

The statute, G. C., 10772, provides, in substance, that such action shall be for the exclusive benefit of the wife or husband and children, or, if there be neither of them. then of the parents and next of kin of the person whose death was so caused. It is not claimed that the person for whose benefit this action is being prosecuted by the administrator is next of kin, but it is claimed that, by the act of adoption of this boy, the adopting parent comes under the designation of parents within the meaning of this statute. The adoption took place in the state of Michigan. We do not have the benefit of the Michigan statute for it was not introduced in evidence and is not before us. Under the Ohio statutes, G. C., 8029 and 8030, the adopted child becomes in effect the child and legal heir of the adopting parent.

It is claimed that language of this character justifies a recovery for the benefit of an adopting parent, where the child's death is caused by the negligent or wrongful act of the defendant. No cases have been found or cited by counsel upon either side that have passed directly upon this question. While the adopted child becomes the heir of the adopting parent, the converse is not true. The heirs of the adopted child would be those who are such by nature, and not the adopting parent. It was accordingly held in *Heidecamp* v. *Jersey City Ry. Co.*, 69 N. J. L., 284 (101 Am. St. Rep., 707), that the plaintiff in this kind of an action could not recover damages for the benefit of the adopting parent.

It was held in *Upson, Admr.*, v. *Noble et al*, 35 O. S., 655, that the personal estate of an adopted child, dying intestate,

passes to the natural mother to the exclusion of the adopting parents.  Section 10772, G. C., authorizing the recovery of damages in case of wrongfully and negligently causing death, requires that such damages shall be proportioned to the pecuniary injury resulting from such death, and if the adopting parent can not inherit from the adopted child, then such adopting parent does not, in a legal sense, suffer pecuniary injury by such death.  Furthermore, the same section provides that the damages recovered shall be apportioned among the beneficiaries in accordance with the laws of descent and distribution of personal estates.  We therefore find no warrant for a recovery for the benefit of an adopting parent in this class of actions.  *Doyle, Admx.,* v. *B. & O. R. R. Co.,* 81 O. S., 184, 192.

We conclude that the language used in G. C., 10772, *supra,* is not broad enough to embrace an adopting parent.

· It is said, however, that the case should have proceeded in the court of common pleas for the reason that it might still be prosecuted further for the benefit of the natural parents—the true parents.  The evidence in the case, which was offered, was in accordance with the averments of the petition.  There was no request made by the plaintiff below to amend the petition after the court of common pleas had indicated that the action could not be maintained for the benefit of the adopting parents.  We think that the naming of the beneficiaries in the petition, in this kind of a case, is eminently proper, and the plaintiff having done so, it would not be allowable for the plaintiff to offer evidence justifying a recovery for the benefit of another beneficiary, where no leave to amend had been granted or asked.

Finding no prejudicial error, the judgment will be affirmed.